BLANCHE GOLDFISH, Respondent, *v.* SAMUEL GOLDFISH, Appellant.

First Department, November 5, 1920.

**Husband and wife — divorce — separation agreement made part of final judgment with alimony in addition — remarriage of wife — when sum payable under separation agreement will not be stricken from judgment — provision for alimony will be stricken out when wife remarries.**

Where during the trial of an action for divorce it was stipulated between the parties that a separation agreement whereby the defendant husband had agreed to pay a certain sum to his wife during her natural life for her support and for the support and education of their child might be approved by the court in the divorce action, and that the decree should also provide for a further sum by way of alimony to be paid so long as the plaintiff lived and remained unmarried, and a final decree was entered pursuant to the terms of said stipulation, the defendant, on the subsequent remarriage of his wife, is not entitled to have the sum payable under the separation agreement annulled, for it was not alimony or a provision for the support of the plaintiff within the meaning of section 1771 of the Code of Civil Procedure and on the contrary was intended to provide an income for the wife as a condition for her relinquishing her claim in the defendant's property.

Such provision will not be stricken from the judgment on the theory that the payment of such income may be enforced by contempt proceedings.

However, the provision for the additional alimony which was to be paid so long as the plaintiff remained unmarried should be stricken from the judgment upon proof of her remarriage.

APPEAL by the defendant, Samuel Goldfish, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of March, 1920, denying defendant's motion to modify and amend the final decree of divorce herein in favor of the plaintiff by striking out the provisions for the payment of $5,200 per annum to the plaintiff during her natural life in equal weekly installments and the further sum of $2,600 per annum in equal weekly installments so long as she lives and remains unmarried.

*George Edwin Joseph,* for the appellant.

*Nathan Burkan,* for the respondent.

LAUGHLIN, J.:

The motion was predicated solely on section 1771 of the Code of Civil Procedure, which, so far as material here, provides that where an action is brought by the wife and a final judgment for divorce has been granted in her favor, the court upon the application of the defendant on due notice and on proof of the remarriage of the plaintiff after the final decree must by order modify the judgment and any orders made with respect thereto by annulling the provisions thereof directing the payment of money *for the support* of the plaintiff. The final judgment of divorce was granted and entered on the 14th day of March, 1916. The moving papers show that on the 18th day of March, 1919, plaintiff remarried. By the final judgment it was ordered, adjudged and decreed that the plaintiff should have the custody of the infant daughter of the parties and that the defendant should pay to the plaintiff the sum of $5,200 per annum during her natural life in equal weekly installments from the 23d day of September, 1915, and the further sum of $2,600 per annum in equal weekly installments from the same date so long as she lived and remained unmarried, and contained other provisions requiring the defendant to make payments to the plaintiff for the support and maintenance of the daughter during infancy and for payments to her after she attained her majority.

The action was commenced in 1915 and the issues were referred to a referee to hear, try and determine. There was also a controversy between the parties with respect to property interests of considerable magnitude. That controversy was settled by mutual agreement and the settlement was embodied in a separation agreement in writing made between the parties on the 23d day of September, 1915, while the reference was pending. It appears thereby that in consideration of the relinquishment by the plaintiff of her claim to certain specified property, the ownership of which was also claimed by him, the defendant agreed to pay her the sum of $5,200 per annum in weekly installments during her natural life and the agreement contained other provisions for the payment of money by the defendant to the plaintiff for the support and education of their child during infancy and to the child after attaining majority. By a stipulation in writing made between the

parties by their attorneys on the same date, it was agreed that the provisions contained in the separation agreement for the benefit of the plaintiff and the infant daughter might be approved by the court in the divorce action and that no further or different provisions for the support and maintenance of the plaintiff and of the daughter should be required of the defendant other than the payment of the further sum of $2,600 per annum in equal weekly installments so long as the plaintiff lived and remained unmarried. Pursuant to the stipulation at an adjourned hearing before the referee on the 29th of September, 1915, the separation agreement and the stipulation were brought to the attention of the referee by the attorney for the plaintiff who stated, among other things, that it was conceded that the provisions contained in the separation agreement for payments to be made by the defendant to the plaintiff for life and to the child would be adequate if the plaintiff should remarry, but that they were not deemed adequate while she remained unmarried and that it had been agreed that the plaintiff should be paid the further sum of $50 per week as alimony, which would not survive her remarriage, and that all of the provisions were to be submitted to the court for approval. He thereupon offered in evidence the separation agreement and the stipulation and they were received and marked as exhibits and read without objection. The referee embodied the separation agreement and stipulation in his report and found that the provisions thereof for the plaintiff and daughter were equitable and just and that no further provision for either of them was necessary or should be required; and he further reported that judgment should be rendered in favor of the plaintiff and against the defendant, providing, among other things, for the payments to be made by the defendant in accordance with the separation agreement and stipulation. An interlocutory judgment was thereupon entered following the provisions of the report of the referee, and thereafter the final decree embodying these provisions was entered. No objection appears to have been made to the incorporation of these provisions in the report of the referee or in either the interlocutory or the final judgment; and no motion has been made to open the proceedings in the action with a view to having any of these provisions eliminated from the report of

the referee or the interlocutory or final judgment. It is reasonably to be inferred, therefore, and must be assumed that all of these provisions were embodied in the final judgment by consent and with the approval of the defendant.

The learned court at Special Term was of opinion that the provision for the payment of $5,200 per annum to the plaintiff was based on the separation agreement and founded on an independent consideration and, therefore, was not a provision for the *support* of the plaintiff within the contemplation of the provisions of section 1771 of the Code of Civil Procedure; and that since by the expressed terms of the judgment payment of the additional sum of $2,600 per annum by defendant to plaintiff terminated on her remarriage, it was unnecessary to strike that provision from the judgment.

We are of the opinion that the learned court erred in refusing to strike from the judgment the provision for the payment of $2,600 per annum, for, although that provision was only to continue while the plaintiff remained unmarried, it was to be a charge upon the estate of the defendant even after his death and neither he nor his next of kin or heirs or devisees or personal representatives should be left to present proof of the plaintiff's remarriage to meet an application to enforce the payment of the money by contempt proceedings or otherwise. It is quite clear, however, that the provision for the payment of $5,200 per annum by the defendant to the plaintiff survived her remarriage. That was not a provision such as is made in a divorce action for support and maintenance but was an agreement on the part of the defendant made to avoid litigation between him and the plaintiff with respect to their property and in settlement of the plaintiff's claim of ownership of certain specified property. It was intended to provide for an annual income to the plaintiff as a condition of her relinquishing her claim to the property. It was not alimony; but the provision for the payment of $2,600 per annum to the plaintiff was for the payment of alimony and the amount of the alimony was fixed at that sum in view of the fact that by the separation agreement embodying the settlement of the controversy between the parties with respect to their property interests, the plaintiff had an annual income of $5,200 for life. Defend-

ant apparently apprehends that the payment of that annual income may be enforced by contempt proceedings if the provision therefor be not striken from the judgment; but manifestly he stands in no such jeopardy for it is not a provision for alimony or for the *support* of the plaintiff within the contemplation of the statutory provisions for alimony and support. Counsel for appellant also contends that if it be not a provision for alimony and support, it is improperly incorporated in the judgment. If that were so, defendant on the facts here disclosed could not obtain relief therefrom by a motion to strike out the provisions. His remedy, if any, would be an application to open the decree, but no ground for that is here shown, since it appears that it was agreed that the provisions should be submitted for the approval of the court in the divorce action and it is to be inferred that they were embodied in the decree by the consent of both parties. The point of law presented is, therefore, the same as if the formal agreement of separation had not been made and the parties having agreed upon a settlement of their controversy with respect to their property rights, had submitted the agreement to the court in the divorce action for approval and consented that the court in addition to granting the divorce and providing for the payment of alimony, might enter a decree by which defendant should be obligated to pay the plaintiff during her life the sum of $5,200 per annum in installments, as stated, in consideration for the relinquishment by the plaintiff of her claim to the property. The defendant, therefore, is in no position on this record to obtain relief from those provisions of the final judgment.

It follows that the order should be modified by granting defendant's motion to the extent of striking from the final judgment the provisions for the payment of $2,600 per annum to the plaintiff, and as thus modified affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order modified as directed in opinion, and as so modified affirmed, without costs.