CLEORA CURRIE, as Administratrix, etc., of JOHN G. CURRIE, Deceased, Respondent, v. INTERNATIONAL MAGAZINE CO., INC., Appellant.— Judgment and order affirmed, with costs. No opinion. Rich, Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents upon the grounds (1) that it was error to admit the elevator rule of the city of New York in evidence, and (2) that it was error to charge that a violation of that rule was negligence or an element of negligence.

MARIA DI PACE, Respondent, v. NASSAU ELECTRIC RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ.

CLARENCE W. DONOVAN, Respondent, v. PENNSYLVANIA RAILROAD COMPANY and JOHN C. OLDMIXON, Appellants.— Judgment modified by reducing plaintiff's lien to $350 with interest from April 2, 1928, and as modified affirmed, without costs. Finding of fact numbered 27 is reversed as being without evidence in its support. Finding numbered 35 is reversed, the case having been tried upon the theory of a fixed amount of lien and not upon any theory of the reasonable value of plaintiff's services. Under the authority of *Matter of Levy* (249 N. Y. 168) and *Corcoran* v. *Kellogg Structural Co.* (179 App. Div. 396) the settlement with Oldmixon was made as a matter of right, with plaintiff's lien necessarily reduced proportionately. Other findings and conclusions of law inconsistent herewith are reversed, and new findings, so far as necessary, will be made. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur. Settle order on notice.

CLARA J. DURLAND, Respondent, v. THE SYRACUSE TRUST COMPANY, as Executor, etc., of CHARLES M. DURLAND, Deceased, Appellant. — Judgment affirmed, with costs payable out of the estate. It is apparent that the provisions of the judgment in the divorce action between the parties, dated January 15, 1924, to the effect that the husband should pay the wife $150 per month during her natural life or until she should remarry and that such provision was in full satisfaction of liability on the part of the husband to the wife by reason of their marriage or otherwise, was inserted by consent of the parties. This provision, therefore, obligated the husband to pay the wife $150 per month during her life or until she remarried in accordance with the separation agreement. It was not a provision for the payment of alimony and so may be enforced. (*Goldfish* v. *Goldfish*, 193 App. Div. 686, 690.) Rich, Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents from affirmance of that part of the judgment which adjudges that defendant be required to set apart, conserve and preserve from the estate of Charles M. Durland, deceased, such sum of money as will insure to the plaintiff the payment of said monthly installments of $150 from said estate during her natural life or until she shall remarry, and that defendant invest and keep said sum invested in the securities required by law to insure such payments.

ERIT REALTY CORPORATION, Appellant, v. SEA GATE ASSOCIATION, Respondent. — Order denying plaintiff's motion for examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper and Hagarty, JJ., concur; Carswell, J., not voting.