In the Matter of the Judicial Settlement of the Account of Proceedings of ROCCO COLACI, as Executor, etc., of JAMES COLACI, Deceased.

ROCCO COLACI, as Executor, etc., of JAMES COLACI, Deceased, and GAETANO VECCHIOTTI, Royal Consul General of Italy at New York, as Attorney in Fact for FRANCESCO COLACI and VINCENZO COLACI, Appellants; MARIA COLACI, Respondent.

Second Department, December 30, 1940.

*Frank Rashap*, for the appellants.

*Stanley F. Maslak*, for the respondent.

JOHNSTON, J. On this accounting proceeding the surrogate, by the decree appealed from, determined that the testator's widow, by virtue of a notice of election under section 18 of the Decedent Estate Law, is entitled to take her share of the estate as in intestacy. The executor and the Royal Consul General of Italy at New York, as attorney in fact for Francesco, a brother, and Vincenzo Colaci, a nephew, of the testator appeal. Appellants do not question the validity or sufficiency of the widow's notice of election, nor do they dispute that she is entitled to exercise her right of election. They contend that she is not entitled to share in that part of the estate consisting of five shares of the capital stock of the Colaci Holding

Corporation in so far as those shares represent the value of certain parcels of real property, to which reference will presently be made. In view of the rulings of the surrogate on the hearing, the record is meagre but the following facts appear:

The testator and respondent were married on June 15, 1926. On November 5, 1928, they owned as tenants by the entirety eleven parcels of real property in Queens county, and on that date they conveyed the eleven parcels to themselves as tenants in common. The conveyance was made pursuant to section 56 of the Domestic Relations Law, which provides:

" Husband and wife may convey to each other or make partition.— Husband and wife may convey or transfer real or personal property directly, the one to the other, without the intervention of a third person; and may make partition or division of any real property held by them as tenants in common, joint tenants or tenants by the entireties. If so expressed in the instrument of partition or division, such instrument bars the wife's right to dower in such property, and also, if so expressed, the husband's tenancy by curtesy."

The deed contains the following provision: " It is expressly understood and agreed that the ownership of the parties of the second part in the several parcels of land hereinabove described, shall from and after the date of this deed of division, be free and clear of any and all claims of either party to a right of courtesy [sic] or dower in the share of the other. It being the intention of each to hold his or her share free of any such claims, all of which are hereby extinguished."

Subsequently a " further division " of the property was made. Six of the eleven parcels described in the deed dated November 5, 1928, and two parcels held by the testator in his own name were conveyed by the testator and respondent to the Colaci Holding Corporation. These transfers were made by two deeds dated December 19, 1929. One deed transferred six of the eleven parcels described in the deed dated November 5, 1928, and one parcel in Queens county held by the testator in his own name. This deed contains the following provision: " It is understood that this conveyance, and the conveyance by the parties of the first part hereto to Maria Colaci, delivered simultaneously herewith, are to substitute a former division of the premises. The above described seven parcels of land being a part of the premises described in a former deed of division between the parties of the first part hereto, and this conveyance and the conveyance to the wife are now made for the purpose of changing the division."

The second deed transferred a parcel in New Jersey, not described in the deed dated November 5, 1928, and held by the testator in his own name.

The remaining five parcels described in the deed dated November 5, 1928, were conveyed by testator and respondent to the latter. These transfers were effected by the simultaneous execution and delivery of a third deed dated December 19, 1929. The deed contains the following provisions:

" It is UNDERSTOOD that this conveyance is made for the purpose of dividing the realty belonging to the parties of the first part and with the full intent that the same shall extinguish all curtesy or right of curtesy which the husband may have in the premises herein described conveyed to the wife, and that all right of curtesy of the husband in the premises above described is hereby and shall be forever after absolutely barred. It is UNDERSTOOD that this conveyance, and the conveyance to the Colaci Holding Corporation delivered simultaneously herewith, are to substitute a former division of the premises. The above five parcels of land being a part of the premises described in a former deed of division between the parties hereto, and this conveyance and the conveyance to the Colaci Holding Corporation are now made for the purpose of changing the division."

The testator died on March 21, 1937, leaving him surviving a widow — the respondent herein — and eight brothers and sisters. By his will, dated December 22, 1936, and a codicil dated March 9, 1937, testator devised and bequeathed the bulk of his property to his brothers Francesco and Rocco. The will also gave to the executor the property Nos. 159–16 and 159–22 South road, Jamaica, which was conveyed to the Colaci Holding Corporation by the first deed dated December 19, 1929. The will directs that the executor hold this property in trust and collect the income therefrom and pay the net income to the testator's wife during her life and that upon her death the property shall go to testator's brothers Francesco and Rocco equally. The will further provides:

" Tenth. My said wife, Maria Colaci, having subjected me to expense and annoyance because of a demand for a division of our real estate resulting in her acquiring property of much value in her own right, I make no further provision for her in this My last Will and Testament."

The will and codicil were admitted to probate on May 17, 1937, and letters testamentary were issued to testator's brother Rocco, the executor named in the will. On June 17, 1937, the widow filed a notice of election, pursuant to section 18 of the Decedent Estate Law.

The Colaci Holding Corporation, the grantee in the first two deeds dated December 19, 1929, and referred to in the third deed dated the same day in which respondent is the grantee, was organized by testator on November 12, 1929. It is conceded that only five shares of the capital stock of the corporation were issued and that at the time of his death testator owned them. It appears that the net value of the estate, consisting of cash, securities and other personal property, is $32,305.77. While the value of the stock of the Colaci Holding Corporation is not disclosed, the stock represents the greater portion of the estate. It does not appear what property the corporation owned at the time of testator's death, but it is not disputed that at that time the corporation was the record owner of six of the eleven parcels described in the deed dated November 5, 1928, as to which respondent expressly released all claims of dower.

The surrogate admitted in evidence the deed dated November 5, 1928, but excluded the three deeds dated December 19, 1929. The surrogate also refused to permit the executor to show by the testimony of the attorney who prepared the deeds the circumstances leading up to their execution. While the surrogate wrote no opinion, he held that respondent, by reason of the exercise of the personal right of election granted her by the statute, was entitled to take her share in the testator's entire estate as in intestacy. The exclusion of the deeds, which were dated and acknowledged on the same day, was error. They, together with the deed dated November 5, 1928, show the intention of the testator and respondent at the time they were executed and delivered.

The deed dated November 5, 1928, conveying the eleven parcels to themselves as tenants in common, expressly provides that their ownership " shall from and after the date of this deed of division, be free and clear of any and all claims of either party to a right of courtesy [sic] or dower in the share of the other. It being the intention of each to hold his or her share free of any such claims, all of which are hereby extinguished." Words could not more clearly express the intention of the parties. The deed dated December 19, 1929, transferring to respondent five of the eleven parcels referred to in the first conveyance, expressly provides that its purpose is to divide the realty belonging to them " *with the full intent that the same shall extinguish all curtesy or right of curtesy which the husband may have in the premises herein described conveyed to the wife.*"

If it were not the intention of the parties to bar every estate or right which the testator had in the parcels thus conveyed to the respondent, why did the deed contain the italicized words? It is true the other deed dated December 19, 1929, transferring to the

corporation six of the eleven parcels referred to in the first conveyance, does not expressly provide that the respondent relinquish her dower right. The reason is obvious. As long as title remained in the corporation the respondent could assert no claim to dower. But the deed does expressly recite that it and the other deed dated December 19, 1929, to respondent, " are to substitute a former division of the premises " and that the parcels conveyed are " a part of the premises described in a former deed of division between the parties of the first part hereto, and this conveyance and the conveyance to the wife are now made for the purpose of changing the division."

The surrogate might well have permitted the attorney who prepared the deeds to testify as to the circumstances leading up to their execution. But even without such proof, giving the words used in the instruments their natural meaning, the conclusion is inevitable that the respondent barred herself from any estate or right in the six parcels conveyed to the testator in the name of the corporation, as the husband likewise barred himself from any estate or right in the five parcels conveyed to respondent. Any other construction would do violence to the expressed intention of the parties. Moreover, there is no claim of fraud or coercion, and it is stated in the appellants' brief, and not denied, that at the time the instruments were prepared and executed the parties were represented by counsel.

If at the time of his death title to the six parcels conveyed to the corporation was in testator's name, it could not seriously be urged that the respondent would have a right to share in these parcels after she had voluntarily and for a valuable consideration relinquished any claim of dower in them. The fact that the testator took title in the name of the corporation does not alter the situation. The deeds were drawn pursuant to the statute (Dom. Rel. Law, § 56) and at a time when section 18 of the Decedent Estate Law was not in existence. Therefore, the agreements contained in the deeds executed by both the respondent and testator relinquishing dower and curtesy were valid and binding contracts.

Testator having died after August 31, 1930, and having executed his will subsequent to that date, the respondent has the right to avail herself of the provisions of the statute. (Dec. Est. Law, § 18.) It appearing that the Colaci Holding Corporation, in addition to being the record owner of the six parcels, has other assets, respondent is entitled to share in the value of the corporate stock of which the testator died possessed. She is, however, not entitled to share in the total value of such stock but only in its value after deducting the value of the six parcels as to which she relinquished her dower.

The decree of the Surrogate's Court of Queens County should be reversed on the law and the facts, with costs to appellants, payable by respondent, and the matter should be remitted to the Surrogate's Court for the entry of a decree in accordance with this opinion.

LAZANSKY, P. J., and CLOSE, J., concur; ADEL and TAYLOR, JJ., dissent and vote to affirm the decree, with the following memorandum: While the result reached by the majority seems to be morally just, we are constrained to disagree with the conclusion that the surviving widow is not entitled to share in the total value of the stock (personal property) of the Colaci Holding Corporation, the testator's realty company. In our opinion the corporate entity may not be disregarded and the stock held, in effect, to be real property of decedent. The record discloses no instrument executed by the widow within the purview of the Decedent Estate Law efficient to waive her right of election, and it may not be said that the deed conveying the property to the corporation complies with the provisions of section 56 of the Domestic Relations Law and is effective to bar the widow's rights in the property.

Decree of the Surrogate's Court of Queens County reversed on the law and the facts, with costs to appellants, payable by respondent, and the matter remitted to the Surrogate's Court for the entry of a decree in accordance with opinion by JOHNSTON, J.