John Hetherington, S.
Decedent died on October 31, 1939, survived by bis widow and an infant daughter, a child of a prior marriage. He left a will, executed on January 15, 1936, in which he named his sister executrix and his daughter sole legatee and devisee. The will was admitted to probate without objection and letters testamentary granted on January 12, 1940. Although no provision was made for the widow, no notice of election was served and filed by her within the statutory six months ’ period. On October 14, 1940, she commenced this proceeding to be relieved of her default. No account has been filed by the executrix. The application is resisted by the representative upon two grounds, namely, that petitioner has failed to show reasonable cause for opening her default and, in *545 addition, that she has waived her right to elect by reason of the provisions of an antenuptial agreement made with .the testator.
The agreement relied upon was executed and acknowledged by the parties on April 27, 1933, three days before their marriage. In its preliminary recitals reference is made to their contemplated marriage, the ownership by the testator of a specified parcel of realty described as No. 125-01 Sutter Avenue, Queens County, and the intention of the parties that this property shall remain his sole and individual property. The agreement, in which the testator is described as the party of the first part and the petitioner as party of the second part, then provides as follows:
“ Now, Therefore, in Consideration of the party of the first part marrying the party of the second part and the sum of One ($1.00) Dollar each to the other paid at the ensealing of these presents it is understood and agreed as follows: — 1. That the party of the first part shall have the absolute right to convey the property or mortgage or in any way deal with the property as he may see fit as if he were unmarried. 2. That the party of the second part will claim no dollar (sic) or any other interest in the said property and that the said party of the first part may convey or do anything he may see fit in regard to said property without interference by the party of the second part. ’ ’
The provisions of subdivision 9 of section 18, of the Decedent Estate Law specifically provide that a husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage. The agreement here relied upon refers neither to a particular will nor any will. It contains no express waiver. Neither can one be inferred from its provisions. There is no reference to a waiver or release of all rights in the estate of the testator. By its terms the surrender or release of petitioner’s rights is limited to a particular piece of real estate. Other property is not covered or affected by it. By no process of interpretation can it be extended to all the testator’s property. It may be that the agreement has the effect of excluding the designated realty from the estate or fund from which the elective share will be withdrawn. (See Matter of Colaci, 260 App. Div. 795.) However, it is not necessary to determine at this time the exact effect of the agreement, other than to decide that it is not a waiver of or a bar to the petitioner’s right of election.
*546 In view of the petitioner’s limited ability to speak and understand our language coupled with the possibility that she was not fully apprised of the effect of the agreement and her rights under the statute, I do not think I ought to deny her the opportunity of presenting her case. Application granted. The notice of election should be served and filed within 30 days.