In the Matter of the Accounting of CHESTER E. VAN ARSDALE et al., as Executors of ALLYN G. VAN ARSDALE, Deceased.

Surrogate's Court, Erie County, December 12, 1947.

*Albert M. Kraus* for petitioners.

*Andrew C. Hilton,* special guardian.

*Frank S. Anderson* for Abbie M. Van Arsdale, claimant.

PAUL, S. The former wife of the decedent, Abbie May Van Arsdale, residing at St. Petersburg, Florida, has made a claim against this estate for the sum of $5,250. Five hundred dollars of this claim is for an allowance made to her in the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Pinellas County as an award of such sum in full for alimony to be paid by the decedent. The balance of the claim is an award for support of the minor daughter of the claimant and decedent until she shall attain the age of twenty-one years in October, 1954.

The claimant and decedent had resided in the State of New York and the claimant went to Florida, established a residence and commenced an action for divorce under the Florida law against the decedent. He was personally served with process in the action in the State of Florida, and very shortly after the service of the papers he and the claimant entered into a written stipulation providing in part as follows:

" that in the event a decree of divorce is granted to the plaintiff, defendant shall pay to the plaintiff the sum of Five hundred dollars, in lieu of all alimony and shall also pay to the

plaintiff the sum of $150 for household furniture belonging to the plaintiff and turned over to the defendant.

" The defendant shall also pay to the plaintiff the sum of $50.00 per month for the support and maintenance of the minor daughter of the parties to this cause until said minor daughter shall attain the age of 21 years."

The defendant did not enter a formal appearance in the action nor contest the suit. In the course of the trial, the stipulation above referred to was offered in evidence and was received. Neither the recommendation of the General Master nor the decree awarding divorce to the claimant refer to the aforesaid stipulation.

The obligation to pay the $500 is not contested by the estate herein. The claim for support of the minor child is contested as to such part as covers the period since the death of the deceased to the time when such child will become twenty-one years of age. The judgment of the Florida court on the subject of such support for the infant states: "It is further ordered, adjudged and decreed That the defendant pay to the plaintiff the sum of $50.00 per month for the support and maintenance of the minor daughter of the parties hereto, until said minor daughter shall attain the age of 21 years." The decree of divorce was granted on the 28th day of February, 1946.

The claimant and said minor child have permanently resided in the State of Florida since the time a residence was established before the institution of the divorce action, and the claimant has testified that she intends to continue to reside in Florida. The claim for the recovery of the sum for the support of the minor child is based upon the contention that an independent liability, not merged in the decree of the Florida court, arises from the stipulation of the parties.

At the outset, the court notes that the stipulation or contract was made in the State of Florida, and since the payments were to be made thereunder to the mother for the benefit of the minor child, and the mother and child were residents of Florida at that time and have continued to be such residents, its performance would be made in the State of Florida. Assuming that a liability, independent of the judgment, still exists, any rights under the stipulation therefore would be interpreted ordinarily in accordance with the law of the State of Florida. However, none of the parties hereto have alleged, proved, or suggested that the Florida law is applicable. This court must, under the circumstances, with no proof that the Florida law is different than the law of the State of New York, construe the rights of

the parties according to the laws of the State of New York. (*Fidelity & Casualty Co.* v. *Wells,* 49 App. Div. 171; *Latham* v. *De Loiselle,* 3 App. Div. 525.)

In the case of an ordinary judgment or decree adjudicating the liability of a husband to pay alimony for the support of his wife or child, the obligation to pay does not survive the death of the defendant and the terms of the judgment may not be enforced for any period subsequent to the decedent's death. (*Johns v. Johns,* 44 App. Div. 533, affd. 166 N. Y. 613; *Wilson* v. *Hinman,* 182 N. Y. 408.)

In *Wilson* v. *Hinman* Chief Judge CULLEN writing for the Court of Appeals said at page 414: "It may very well be that by the agreement of the parties alimony might be awarded in a different form from that provided for in the statute; that is to say, the parties might agree that a gross sum should be paid as alimony, or that an allowance should be made to the wife which would bind the husband's estate after his death. An agreement of that character would in no way contravene public policy, and the performance of it would, doubtless, be enforceable by the courts. It is on this ground that the decision in *Storey* v. *Storey* (125 Ill. 608) proceeded. The present case is barren of any such feature." The judgment in *Wilson* v. *Hinman* (*supra*) awarded the sum of $300 annually as alimony "so long as she shall live, to be paid by the said defendant in equal monthly payments." It was held in that case that the judgment involved did not create an obligation which survived the death of the defendant, although the court said such an obligation could be made and would be enforcible.

Counsel for the wife in the instant matter contends that this claim is not under the terms of the judgment of the Florida court but is under the terms of the written stipulation made by the parties, and that while the substance of the same is contained in the decree, the stipulation still exists independently of the decree as a foundation for the claim made.

Whether a stipulation is merged in the judgment, or survives the making of the divorce decree, has been held to be a matter of intention. (*Jaeckel* v. *Jaeckel,* 40 N. Y. S. 2d 491; *Chester* v. *Chester,* 171 Misc. 608.)

There was no proof attempted to be made before this court on the subject of intention, except as shown by the documents submitted and the circumstances and situation of the parties, nor does the stipulation provide for its incorporation in the decree. Yet the agreement of the parties as to each particular matter covered by the stipulation is found in the decree.

The entire record of the divorce proceedings is before me. We have the case of a wife who has grounds under the Florida jurisdiction for a divorce from her husband. She signified her willingness, by her stipulation and by her testimony before the Master, to take the meager sum of $500 " in lieu of all alimony ". However, there was embodied in both the judgment and in the stipulation the obligation of the husband to pay for the support of the minor child the sum of $50 monthly " until said daughter shall attain the age of 21 years." The court may well determine that the claimant herein, who at that time was employed, separated from her husband and earning her livelihood, consented to practically waive her right to alimony yet was insistent that the defendant should in any event fully support the daughter until she should become twenty-one years of age, as the price of the relinquishing of her alimony rights. The daughter at the time was about twelve years of age. The stipulation does not provide for its incorporation or merger in the decree of divorce and while it was " filed " in evidence and referred to as an exhibit in the findings of the Master, no specific incorporation or merger was declared or made.

There may be a survival of contract rights after the divorce decree, even though the contract or agreement pursuant to its terms is actually embodied in the judgment. (*Goldman* v. *Goldman*, 282 N. Y. 296; *Schmelzel* v. *Schmelzel*, 287 N. Y. 21.)

A decree of divorce does not fully and completely foreclose a party from enforcing the provisions of a valid contract between the parties for support made prior to the granting of the decree. (*Galusha* v. *Galusha*, 116 N. Y. 635.)

In the above case, the Court of Appeals said at page 644: " The agreement provided not merely for her support during their joint lives, but also that, in event of death, his estate should contribute a like support each year, so long as she should live. By its terms the parties attempted a severance and settlement of their relations toward each other, in all respects save one, which should last for all time. They were powerless to dissolve the marriage tie, and, of course, did not attempt it. But they did make a settlement which was intended to separate them forever, as absolutely as it was in their power to do."

In *Severance* v. *Severance* (235 App. Div. 799) the plaintiff had made a property settlement by contract with her husband. A divorce was later granted to her. The terms of the agreement were embodied in the judgment of divorce. The plaintiff later remarried and a motion was made to amend the judgment by striking out the provision for support in the judgment because

of such remarriage. The court, however, reserved to the plaintiff her rights under the separation agreement. The Court of Appeals affirmed, with express reservation of plaintiff's contract rights (260 N. Y. 432).

In *Goldfish* v. *Goldfish* (193 App. Div. 686, affd. 230 N. Y. 606) provisions for support and payments for benefit of the daughter during infancy were upheld where the terms of the separation agreement were embodied in the divorce decree. The courts held that the provisions of the separation agreement survived the decree of divorce and the remarriage of the plaintiff, which would otherwise terminate the defendant's obligation.

I hold that there was no intent that all the rights under the stipulation of the parties should be merged in the judgment of divorce; that the obligation of the decedent to pay fifty dollars per month for the support of the child of the marriage survived the decree of divorce; that such obligation by its terms continues until such child reaches the age of twenty-one years; and that the estate of the decedent is liable for the payments to be made on such agreement.

The obligation of a father to support a minor child is not essentially different from his obligation to support his wife. The wife may lawfully contract to procure the performance of such obligation even after the death of the husband.

This determination is in accordance with the rulings of the courts. (*Durland* v. *Syracuse Trust Co.*, 244 N. Y. S. 653; *Matter of Herb*, 163 Misc. 441; *Matter of Tashenberg*, 149 Misc. 124; *Babcock* v. *Babcock*, 147 Misc. 900, affd. 239 App. Div. 884; *Wersinger* v. *Cook*, 187 Misc. 1059.)

The executor refers me to *Matter of Johnson* (185 Misc. 352, affd. 270 App. Div. 793, affd., 295 N. Y. 857) as authority requiring dismissal of this claim. I do not consider that case as being determinative of the question involved herein, since it appears from the stipulation made therein that its apparent purpose was limited to convenience in the matter of fixing the obligations of the husband to be placed in the decree of divorce when made.

I allow the claims herein.

Enter decree pursuant to section 207 of the Surrogate's Court Act in accordance with this opinion.