Taylor, P. J.
This action was brought by the former wife of defendant’s testator to recover alimony alleged to be in arrears at the husband’s death, and to enforce against his estate other provisions for her support contained in a separation agreement and incorporated in a divorce decree. The recovery of *413 unpaid alimony was denied on the ground that there had been an alteration of the separation agreement between the parties which reduced payments from $150 a month to $100 a month. Also, it was held that the husband’s duty to pay alimony terminated with his death. Plaintiff does not appeal.
Defendant appeals from that part of the judgment which awarded plaintiff life use of premises which she was permitted to occupy by terms of the agreement, and ordered the defendant executrix to set aside, in trust, funds of the estate for the payment of taxes on said premises, and to allow plaintiff to live therein for life, without payment of rent.
Plaintiff and Clem W. Lepsch, defendant’s testator, were married in 1922, and had three daughters, two of whom are infants and reside with the plaintiff. In August, 1944, plaintiff and her husband entered into a separation agreement, the terms of which were made a part of a decree of divorce granted to plaintiff in the Supreme Court, Steuben County, New York in October, 1944. Mr. Lepsch died testate in 1946, leaving his entire estate to his mother, except for legacies of $10,000 to each of his daughters.
The only question here is whether plaintiff’s right to occupy the premises where she now resides survived her former husband’s death.
The pertinent paragraphs of the separation agreement with respect to support and maintenance read:
“ 4. The party of the first part agrees to pay for the support and maintenance of the second party, and the children of the parties hereto, the sum of $3000.00, the receipt of which is hereby acknowledged by the second party, and the further sum of $150.00 per month for the support and maintenance of the second party and of the children of the parties hereto; the monthly payments of $150.00 shall continue just as long as the first party remains in the Armed Forces of the United States and when the first party is discharged therefrom, such monthly payments shall be adjusted between the parties hereto.
“ 5. The second party agrees to release all of her right, title and interest in and to the house and lot owned by the parties hereto, jointly, and which is situate in the City of Hornell, Steuben County, New York, and has executed a deed in favor of the party of the first part, but the party of the second part and the children of the parties hereto are to have the right and privilege of occupying said premises without paying any rent therefor until it is otherwise mutually agreed by the parties hereto.”
*414 The trial court held that the fifth paragraph affected “ * * * a reservation of a life use to the plaintiff, and to the children of the parties to said agreement, of the property described therein, unless otherwise mutually agreed during the lifetime of the parties thereto ’ ’. The court reasoned that, since no change was made in this arrangement during the lifetime of both of the parties, the agreement was intended to last for the lifetime of the wife.
The problem here is as to the nature of the estate in the property which was created in the wife by this separation agreement. It is to be noted that plaintiff is given only a “ right and privilege” of occupancy, ‘1 without paying any rent ”, for an indefinite period. Plaintiff does not seriously contend that these words created a life estate, but claims that a “ lease for life ” was created.. Yet the tenancy is not measured by the life of either party; no grant of the premises is made, and no reversion set forth. Of course, the deed which plaintiff gave of her interest in the property contained no reservation of a life estate. No rent is reserved, and no covenants common to leases are present.
The most that can be said for the words used in the agreement with regard to the property is that they created a tenancy at will. It cannot logically be said that the nature of this indefinite estate could be transformed, either by the parties’ inability to agree otherwise during their lives, or by reason of the death of the husband, into an estate or lease for life. Taking the words in their usual sense, it appears that the words ‘ ‘ until it is otherwise mutually agreed by the parties hereto ” would mean substantially the same as an agreement that the property was to be held as “ long as both parties please ”, which was construed to create a tenancy at will in the case of Richardson v. Langridge (4 Taunt. 128, 131). (See, also, Larned v. Hudson, 60 N. Y. 102.) Defendant’s cases on covenants to renew leases, such as Western Transportation Co. v. Lansing (49 N. Y. 499) are applicable insofar as they illustrate that indefinite wording cannot be construed to create yearly or monthly tenancies. Plaintiff cites no cases in support of her contention that the words created a “ lease for life ”.
A tenancy at will is regarded as personal in its nature, and terminates at the death of either the landlord or the tenant. (1 Tiffany, Beal Property [3d. ed], § 163.)
The court below correctly held that this agreement contained no provisions as to the payment of alimony after the husband’s *415 death. This applies also to the right of occupancy of the husband’s house.
Obviously, if the agreement had specifically provided that support and maintenance were to continue for the life of the wife, performance of the agreement could he enforced against his estate (Barnes v. Klug, 129 App. Div. 192; 100 A. L. R. 500), even though there was an intervening divorce decree. (See 147 A. L. R. 708, citing Wilson v. Hinman, 182 N. Y. 408; Babcock v. Babcock, 147 Misc. 900, affd. 239 App. Div. 884, appeal dismissed 263 N. Y. 665; Durland v. Syracuse Trust Co., 230 App. Div. 786.)
If a separation agreement contains no specific provision as to • survival -of benefits, it must be read as a whole to determine whether it was the intention of the parties that such agreement survive the husband’s death, and the burden of proving such an intent is on the wife. (Matter of Stableford, 174 Misc. 284; Matter of Junge, 125 Misc. 707; Matter of Sanchez, 58 N. Y. S. 2d, 230, 236.) There is no evidence of such an intent in this case.
The provisions for support and maintenance contained in this separation agreement, being a personal obligation, terminated upon the husband’s death. (Wilson v. Hinman, supra.)
The judgment, insofar as appealed from, should be reversed, and the complaint dismissed.
All concur. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.
Judgment so far as appealed from reversed on the law, without costs of this appeal to either party and complaint dismissed without costs.