In the Matter of the Accounting of GERDA K. SORENSEN, as Executrix of THOR C. SORENSEN, Deceased.

Surrogate's Court, Westchester County, January 12, 1954.

*Wood, Molloy, France & Tully* for executrix, petitioner.

*Irving B. Kendall,* special guardian.

GRIFFITHS, S. In this executor's accounting proceeding the report of the special guardian presents the question as to whether an after-born child is " unprovided for by any settle-

ment '' within the intendment of section 26 of the Decedent Estate Law. It is undisputed that such child is neither provided for nor mentioned in the will.

At the time of the execution of the will on May 14, 1941, the testator had four children to each of whom he bequeathed the sum of $2,500. The youngest child was born on May 10, 1942, almost a year after the date of the will. The testator died on August 9, 1949.

After the birth of such child the testator opened an account in his name in trust for such child. At the death of testator there was on deposit in this account the sum of $1,300.84. In addition thereto, testator had purchased three Series '' E '' United States Treasury Bonds, aggregating $650, payable at death to such child.

Nontestamentary provisions similar in form were made for the three older children each of whom was named as beneficiary of Totten trust accounts, approximating $4,500 and of Series '' E '' United States Treasury Bonds, payable at death, in the sum of $1,050. Three of the older children will, therefore, become entitled to receive these benefits, in addition to those conferred upon them by the will. The special guardian has estimated the after-born child's intestate share at $4,250, representing a two-fifteenths interest in the net estate.

Whether or not a provision for an after-born child constitutes a settlement, is a question of intent rather than of form or method. (*Matter of Faber,* 305 N. Y. 200, 203.) It was there stated that in ascertaining intention such factors as the character and size of the provision for such child, the circumstances under which it was made, the value of the estate, and the nature of the provision made for another child might be considered. The court held that a provision for settlement was not required to be made prior to, or contemporaneously with, the execution of the will, and might be made subsequent to the date of the will, stating that the purpose of the statute was '' ' to guard against inadvertent or unintentional disinheritance ' '' (citing *Wormser* v. *Croce,* 120 App. Div. 287, 289) and to make '' ' just provision * * * for a probable oversight ' ''. (Rev. Stat. of N. Y., pt. II, ch. VI, tit. I, Revisers' Reports [1828], Vol. 3.) The courts accordingly have held that any act of the testator, indicating an intention to make future provision for the after-born child, would constitute a settlement. (See opinion of FULD, J., in *Matter of Faber, supra,* at 204 and cases cited.)

Although less favorable than the provision made for the other children, the benefits conferred upon the after-born child are

not merely nominal or insubstantial. Any inequality between the benefits conferred upon the after-born child and the benefits conferred upon the older children would be related to the adequacy of such provision but not necessarily a controlling factor in ascertaining the intent to provide for such child by settlement.

It cannot be said that the disinheritance of such child was inadvertent or unintentional. In view of the provision made for such child, it does not appear that there was any " probable oversight " against which the statute was designed to guard. It cannot, therefore, be said that the child is " unprovided for by any settlement " within the intendment of section 26 of the Decedent Estate Law. The court accordingly determines that such after-born child is provided for by settlement within the purview of section 26 of the Decedent Estate Law, and is not entitled to receive the intestate share which would otherwise be receivable by him under said section.

Settle decree accordingly.