In the Matter of the Accounting of WALTER T. ANDERSON, as Executor of VIOLA S. ANDERSON, Deceased.

Surrogate's Court, Westchester County, January 12, 1954.

*Mitchell, Capron, Marsh, Angulo & Cooney* for executor, petitioner.

*Albert C. Jordan,* special guardian.

GRIFFITHS, S. In this accounting proceeding the petition and the report of the special guardian present the question as to whether or not two after-born children are "unprovided for by any settlement" within the intendment of section 26 of the Decedent Estate Law.

By her will, dated January 16, 1932, the testatrix devised and bequeathed her entire estate to her husband. Testatrix died on May 20, 1951, survived by her husband and two children, a daughter Lianne Sargent Anderson, who was born on October 10, 1934, and a son, Walter T. Anderson, Jr., who was born on

October 10, 1938. It is not disputed that such children were " neither provided for, nor in any way mentioned in such will ".

On July 28, 1942, the testatrix purchased six United States Savings Bonds, each having a face value of $25, two in the name of testatrix, payable on death to Lianne Sargent Anderson and four in the name of testatrix, payable on death to Walter T. Anderson, Jr. So far as appears, no other provisions were made for either child. As the amount of the net estate is estimated at $19,000, the intestate share of each child would approximate $6,000.

The requisite statutory " settlement " may be effected prior, simultaneously or subsequent to the execution of the will of a decedent. (*Matter of Faber,* 280 App. Div. 394, affd. 305 N. Y. 200.) In *Matter of Faber* (*supra*), it was held that whether or not a provision for an after-born child constituted a settlement was a question of intent rather than of form or method. The court has considered the relevant factors there described as reflecting the intent of testatrix. The amounts of the benefits conferred upon such after-born children are among the factors to be considered but are not necessarily controlling in ascertaining the general intent to provide for such children by settlement.

The purpose of section 26 of the Decedent Estate Law was to guard against inadvertent or unintentional disinheritance and to make just provision for a probable oversight. (See *Matter of Sorensen,* 205 Misc. 26, and authorities cited.) It cannot be said that the disinheritance of the after-born children of the testatrix was inadvertent, unintentional or a probable oversight.

Provisions for an after-born child constitute a settlement even though they are entirely contingent upon the child surviving the testator. (*Matter of Hartman,* 55 N. Y. S. 2d 791; *Matter of Kreutz,* 49 N. Y. S. 2d 402; *Matter of Curry,* 21 N. Y. S. 2d 544.)

The court accordingly determines that the after-born children of the decedent were provided for by a " settlement " within the meaning of section 26 of the Decedent Estate Law and are not entitled to share in the testamentary estate of the decedent.

Settle decree accordingly.