S. Samuel Di Falco, S.
A motion for summary judgment has been made by the surviving spouse of the decedent in a proceeding which is pending before this court to determine the validity of her right of election. Both the answer interposed in that proceeding and the answering affidavits interposed on this motion contain the affirmative allegation that the surviving spouse is not entitled to exercise her right of election on the ground that she abandoned the decedent as set forth in subdivision 5 of section 18 of the Decedent Estate Law.
The decedent and the surviving spouse were married in 1914. It is alleged that in or -about the year 1922 the decedent discovered his wife in an act of adultery and as a result of this discovery the surviving spouse abandoned him. It is further alleged that in 1922 the decedent instituted a suit for divorce against the surviving spouse charging her with adultery. This action was abandoned and the decedent and the surviving spouse entered into a separation agreement dated January 24, 1924 pursuant to which it was agreed that they would live separately and apart; that he was to pay her $10 per week for her support and the support and maintenance of their child. It must be noted that in such separation agreement there is no mention of the charge of adultery nor of any prior abandonment by the surviving spouse of the decedent. It must further be noted that in said agreement although the decedent waives all right which he might have in her estate, no similar right is waived by her.
The courts have consistently held that the execution of a separation agreement by mutual consent bars and precludes the conclusion that there was any abandonment on the part of either spouse. (Matter of Maiden, 284 N. Y. 429, 431; Matter of Stolz,, 145 Misc. 799; Matter of Brown, 202 Misc. 820.)
*707 Abandonment has been defined as a desertion of the one spouse by the other without consent. Thus even if the surviving spouse had abandoned her husband in 1922 the execution of the separation agreement in 1924 would preclude the decedent from obtaining a decree of separation on that ground. The allegations of adultery contained in the answering affidavits raise no issue. As so well stated by Surrogate Dblehartty in Matter of Green (155 Misc. 641, 645): “Unfaithfulness per se is not a bar. Cruelty and inhumanity alone do not bar. Conduct endangering the life and health of a spouse does not bar. Only ‘ abandonment ’ is a bar. ’ ’ Unless such adultery or abandonment had been determined by a court of record and had resulted in a decree of divorce or separation the widow’s right of election is not affected. (Decedent Estate Law, § 18, subd. 3.) The court, therefore, finds that there is no triable issue before it and the motion for summary judgment is granted.
Submit order accordingly.