Joseph A. Cox, S.
Proceedings have been brought to determine the validity and effect of the widow’s exercise of her right of election, the extent of the claim of the decedent’s infant son against the estate under the provisions for his support made in a separation agreement, and the right of the said son to share in the estate, as an after-born child, by reason of the provisions of section 26 of the Decedent Estate Law.
The decedent executed his last will and testament on August 13,1944 and by its terms bequeathed his entire estate to his two then living children. The decedent and the petitioner were married on April 29, 1946 and their son Michael was born on June 12,1947. From on or about October 15, 1950 the decedent and his wife lived apart and on June 12, 1957 they entered into a separation agreement which contained provisions for the support of the son Michael. The decedent never revoked or changed his will and, following his death on November 13, 1958, it was admitted to probate. In 1951 the decedent had taken out two policies of insurance on his life totalling $10,000, naming his wife as beneficiary of one half of the proceeds and his three children as beneficiaries of the remaining one half of the proceeds. In 1957 the decedent had procured two accident policies and named his infant son Michael as beneficiary in the event of accidental death. The latter, two policies had lapsed in the decedent’s lifetime.
It has been held that the sole objective of the Legislature in enactment of section 26 of the Decedent Estate Law was to protect and shield a child born to a testator after the maldng of a will from disinheritance through oversight and that the purpose and intent of the statute is not to confer any special rights of inheritance on an after-born child but only to give him, an intestate distributive share of the estate if he had not been otherwise provided for by any settlement outside of the will (Matter of Faber, 305 N. Y. 200). In Matter of Brant (121 Misc. 102, 104, cited with approval in Matter of Faber, supra) it was said: 11 It would seem that it was not the intention of the legislature to define what this settlement should be, but that any act of the testator indicating an intention to make future provision, outside of a will, for: an after-born child, would fulfill the require *1070 ment, even though such provision or settlement might be inadequate.” Like interpretations of this statute are expressed in Matter of Vodery (139 N. Y. S. 2d 515, affd. 3 A D 2d 733), Matter of Anderson (205 Misc. 151) and Matter of Stone (200 Misc. 639).
This decedent provided for his after-born son in the separation agreement and in the insurance policies and- it is held that the decedent provided for his son Michael by “settlement” within the contemplation of the statute and the said infant is not entitled to share in the estate by operation of the Decedent Estate Law (§ 26).
Pursuant to the terms of the separation agreement the decedent agreed “that, during the lifetime of Michael until he attains the age of twenty-one (21), and thereafter during any period in his lifetime in which Michael may be totally disabled, the Husband shall pay the wife the sum of Fifty Dollars ($50.00) monthly, plus one half of such of Michael’s medical and dental expenses as are not covered by insurance ”. It is conceded by the executrix that no payments were made by the decedent for the support and maintenance of the infant pursuant to this provision. It is, however, contended by the executrix and the decedent’s daughter that the estate’s obligation for such support and maintenance ceased on the date of death and that there is now due and owing to the infant only the sum of $850 covering the 17 months which elapsed between the execution of- the separation agreement and the decedent’s death.
It is well established that a husband may voluntarily contract - to bind himself and his estate for maintenance and support after death (Wilson v. Hinman, 182 N. Y. 408; Barnes v. Klug, 129 App. Div. 192; Matter of Van Arsdale, 190 Misc. 968; Matter of Berezowsky, 159 N. Y. S. 2d 513; Goldfish v. Goldfish, 193 App. Div. 686, affd. 230 N. Y. 606). This decedent’s wife gave up her own right to support but the decedent recognized his obligation to support his infant son and intended to assume an obligation for his son’s care not only during the latter’s minority but thereafter if necessary. The fact that the agreement by its terms does not provide that it be binding on the legal representatives of the parties is not a basis for limiting its effectiveness to the lifetime of the husband (Barnes v. Klug, supra; Kernochan v. Murray, 111 N. Y. 306). The court construes the separation agreement as imposing upon this decedent’s estate the same liability for the support and maintenance of his son and for the latter’s medical and dental expenses as existed in the decedent’s lifetime. The executrix will pay the arrears due under the agreement and will provide for future obligations *1071 either by a reserve fund or by insurance (Matter of Van Arsdale, supra; Matter of Fessman, 386 Pa. 447).
The decedent herein executed his will prior to his marriage to the petitioner and, not having been provided for therein, she has exercised her right of election pursuant to the provisions of section 18 of the Decedent Estate Law. It is the contention of the executrix and the decedent’s daughter that the widow waived her right of election when she entered into the separation agreement. The language of the agreement upon which the opposition to the election is based reads as follows: “ 4. that, inasmuch as neither party has personal property belonging to the other and inasmuch as neither of the parties has ever had any right, title or interest in and to any real estate anywhere situate, all rights that either party may have in any personal property or real estate are hereby waived, released and relinquished, it being the intent of the parties that each shall have the right independently of any claim or right of the other party, to own, have and enjoy all items of personal property and all real estate, and all interest therein, of every kind, nature and description and wheresoever situate, which in the case of personal property, are now held by him or her and which in the case of personal property or real estate, or interest therein, may hereafter belong or come to him or her, with full power to own, use and dispose of the same as freely and effectually, in all respects, and for all purposes, as if he or she were unmarried.”
Subdivision 9 of section 18 of the Decedent Estate Law provides in part that “ A waiver or release of all rights in the estate of the other spouse shall be deemed to be a waiver or release of the right of election as against any last will. ’ ’ Our courts have consistently held that the statute must be liberally construed in favor of the spouse and strictly construed against those asserting the waiver (Thompson v. Thompson, 163 Misc. 946; Matter of McGlone, 284 N. Y. 527; Matter of Brown, 153 Misc. 282; Matter of Van Hoecke, 197 Misc. 339, affd. 277 App. Div. 832; Matter of Colaci, 288 N. Y. 158). Accordingly it has been held that a release by a wife of her inchoate right of dower cannot be construed as a waiver of release of her rights in her husband’s estate pursuant to section 18 of the Decedent Estate Law (Matter of Colaci, supra); that a waiver and release by each party of all claims that he or she may have against the other does not constitute such a waiver (Thompson v. Thompson, supra) and, in the same case, that an agreement by the wife to permit the probate of her husband’s will or to allow letters of administration to issue on her husband’s estate to any person entitled thereto as though she had died during her husband’s life was *1072 not a Avaiver of her rights under the statute. In Matter of La Due (5 A D 2d 52, 56), the court stated: “ A waiver or' release of something less than ‘ all rights in the estate of the other spouse ’ is not a compliance with the statute (Decedent Estate Law, § 18), and may not ‘ be deemed to be a waiver or release of the right of election as against any last will. ’ ” The burden of proving that a widow Avaived her right of election is on the person asserting the waiver (Matter of Brown, 202 Misc. 820; Matter of Guggenheim, 180 Misc. 833; Matter of Green, 155 Misc. 641, affd. 246 App. Div. 583).
In the case at bar the language alleged to spell out the waiver indicates only the intent of the parties to release any interest one had in the other’s property at the time of the execution of the agreement and the further intent to give to each the right to hold and enjoy later acquired property free of any claim by the other. The words ‘ ‘ in all respects, and for all purposes, as if he or she were unmarried ” refer only to the unrestricted right of each party to use and dispose of property during his or her lifetime.
Proof of the abandonment claimed by the executrix in her answer was lacking and the execution of the separation agreement precludes a finding that there was an abandonment (Matter of Maiden, 284 N. Y. 429, 431; Matter of Archibald, 19 Misc 2d 705). It is the opinion of this court that the parties claiming the waiver have failed to sustain that contention and that the widow has a valid right of election pursuant to the provisions of section 18 of the Decedent Estate Law.
The proceedings seeking the foregoing determinations are - consolidated and the decree shall contain a provision to that effect. Submit decree on notice or consent.