Harry G. Herman, S.
The questions in this proceeding by the executrix to judicially settle her accounts are submitted to the court upon an agreed stipulation of facts.
At the time of her death on February 25, 1963, the decedent and her husband were living apart pursuant to a separation agreement executed on August 19, 1954. No provision for her husband was made toy the decedent in her will, dated December 13, 1954, and admitted to probate by this court on June 4, 1963. The surviving husband’s notice to take against the will (Decedent Estate Law, § 18) was rejected by the executrix on the grounds (1) of abandonment and (2) of release under the terms of the separation agreement.
The separation agreement provided, in part: ‘ ‘ now therefore, in consideration of the payment by Mary McCray Martin, by party of the second part to James 'Thomas Martin, the party of the first part, the sum of Two Thousand ($2,000.) Dollars in hand paid, and the mutual covenants of the parties hereto, it *853 is agreed as follows: first : The party of the first part shall and does hereby convey to the party of the second part by deed all of his rights, title and interest to the premises known as and by the street number 130 Sears Avenue, Elmsford, New York. second : The party of the second part accepts that the conveyance of the foregoing parcel of realty in lieu of all future support and maintenance and the party of the first represents that the only encumbrance on the said property is a balance of about Three Hundred ($300.00) Dollars, on an existing first mortgage and possibly current taxes, third : Each of the parties hereto agrees to live separate and apart from the other, during their natural lives, fourth : The party of the second part herewith and hereby consents to accept the settlement herein and hereby effected in lieu of any monies due or to become due to her for support and maintenance, or to which she might be entitled in the future by reason of any order or decree of any tribunal or agency whose function it would be to adjudicate and determine the rights of the party of the second part for support and maintenance from the party of the first part by reason of the marriage between the parties herein, fifth : The party of the second part does hereby release forever the party of the first part from any past payments owing or from any further future payments for support and maintenance or for any other reason, in the past or which might arise in the future, in any state or forum having jurisdiction. * * * seventh : The parties hereto agree and warrant that each shall have the right to dispose of his or her property, real, personal, and/or mixed, without interference from the other. Each of the parties hereby waives and releases any claim which he or she may or might have or claim for against the other by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day or date of this agreement. ’ ’
When a husband lives apart from his wife pursuant to a separation agreement under which he, in lieu of periodic payments for her support, makes a conveyance constituting valuable consideration, this is not an abandonment within the meaning of subdivision 4 of section 18 of the Decedent Estate Law, and he is not deprived of his right to elect to take against his wife’s will (Matter of Stolz, 145 Misc. 799, 801; Matter of Sachs, 155 Misc. 233, 235, affd. 246 App. Div. 546; Matter of Brown, 202 Misc. 820; Matter of Archibald, 19 Misc 2d 705, app. dsmd. 10 A D 2d 576; Beechler, Elections Against Wills [1940], §§ 227-228, pp. 333-334).
A separation agreement may, by its terms, release the interest of one spouse in the property of the other (Matter of Sturmer, *854 303 N. Y. 98; Titus v. Bassi, 182 App. Div. 387; Matter of Hagen, 119 Misc. 770, affd. 206 App. Div. 682). The rights of inheritance in the property of the deceased spouse are not to be denied the surviving spouse unless the purpose to exclude him or her is clearly expressed or is clearly inferable, and then no further than the agreement requires (Matter of Laney, 274 App. Div. 250, affd. 298 N. Y. 834).
Here the parties agreed that “ each shall have the right to dispose of his or her property, real, personal, and/or mixed, without interference from the other.” Similar'language has been construed as establishing no more than the intent of the parties to release any claim they might have on the property of the other during the life of the other, and as not establishing a waiver of the right of election (Matter of Stoeger, 17 A D 2d 986; Matter of Fredenthal, 25 Misc 2d 1068; Matter of Lamash, 8 Misc 2d 544).
There is nothing in the separation agreement that can be construed as a waiver, within the meaning of subdivision 9 of section 18 of the Decedent Estate Law, by the husband of his right of election. The agreement contains no express or implied provision whereby either spouse released his respective interests in and to the estate of the other or his right to elect to take against the will of the other (Matter of Stoeger, supra; Matter of Sanchez, 58 N. Y. S. 2d 230, 233).
Accordingly, it is held that the election by the surviving husband to take against the decedent’s will by intestacy is valid and effective.
The other question before the court is the objection by the Commissioner of Public Welfare of the County of Westchester to the rejection of his claim for public assistance furnished to the decedent’s surviving husband, set forth in Schedule “ D-2 ” of the account in the sum of $5,124.26. The agreed stipulation of facts, however, refers to this sum as $5,126.26, which the court will accept as the correct figure.
It appears that there is no provision in the separation agreement relieving the wife of her liability imposed by section 101 of the Social Welfare Law, if of sufficient ability, to support her husband, if he is liable to become in need of public assistance. Whether such a provision would be binding on the objectant or would be void or voidable as against public policy (see General Obligations Law, § 5-311 [formerly Domestic Relations Law, § 51]), is not before the court.
The claim of the Commissioner of Public Welfare against the estate of this decedent for public assistance furnished to her husband as a matter of law could not be defeated by any lack *855 of sufficiency of ability of the decedent to support her husband during the period such public assistance was rendered (third sentence of Social Welfare Law, § 104, subd. 1 as added by L. 1953, ch. 838, eff. April 19, 1953; Matter of Cybulski, 8 Misc 2d 119, 120).
Even if the husband had never supported the decedent and had abandoned her without entering into any separation agreement, this claim would have been valid (Matter of Cybulski, supra).
Accordingly, this objection is sustained (Social Welfare Law, §§ 101, 104, supra; Family Ct. Act, § 415; General Obligations Law, § 5-311, supra; Matter of Cybulski, supra; Trussell v. Kostiw, 35 Misc 2d 60).