Arthur A. Davis, Jr., S.
This proceeding was commenced in the form of an application by Elizabeth H. Chilson, as mother *52 and natural guardian of Robert M. Chilson, for a compulsory accounting’, but, by stipulations of counsel, it was agreed that it may be treated as a proceeding to establish the validity of a claim. It was also agreed in open court that an interpretation of a separation agreement between decedent and Elizabeth H. Chilson is necessary.
The decedent died on the 6th day of December, 1965, leaving a last will and testament dated the 27th day of May, 1965, by the terms of which he left his entire estate to his widow, Evelyn A. Chilson.
During the pendency of an action for separation instituted against deceased by his former wife, a separation agreement, dated the 5th day of July, 1961, was entered into and the action discontinued. Thereafter the former wife obtained a divorce and decedent remarried. The terms of the separation agreement were not merged in the judgment of divorce. (See paragraph “ 14 ” of the agreement).
During the proceeding for the probate of the last will and testament of George L. Chilson, Sr., Andrew J. Cook was appointed special guardian to look after the interests of Robert M. Chilson, an infant. After making an investigation and participating in the oral examination of the subscribing witnesses the special guardian withdrew his objections and the will was admitted to probate on the 9th day of May, 1966.
On or about the 17th day of May, 1966, Andrew J. Cook, as special guardian filed a notice of claim on behalf of Robert M. Chilson, an infant, wherein the infant claimed the sum of $24,000 based upon certain provisions in the separation agreement referred to above. It is the validity of this claim which is the subject of the controversy.
The first question to be considered concerns the right of the infant, Robert M. Chilson, or of someone acting in his behalf to make the claim now under consideration.
The terms of the separation agreement make it clear that this is one of the cases wherein it is proper for the infant to attempt directly to enforce its terms with respect to those provisions which apply to him.
The petition by the infant’s mother in his behalf seems amply authorized by the provisions of CPLR 1201 which in turn is authorized by section 316 of the Surrogate’s Court Act.
As Judge Bmrgan stated in Forman v. Forman (17 N Y 2d 274, 281): “ Recognizing as we should such a right of children in the beneficial provisions of a separation agreement for their direct benefit, the avenue by which it may become enforcible depends on the circumstances of the parties.”
*53 It is held, therefore, that it is proper for the infant- to prosecute this claim directly through his mother.
In order to determine the validity of the claim it is necessary to examine the terms of the separation agreement as a whole.
“It is well established that a husband may voluntarily contract to bind himself and his estate for maintenance and support after death (Wilson v. Hinman, 182 N. Y. 408; Barnes v. Klug, 129 App. Div. 192; Matter of Van Arsdale, 190 Misc. 968; Matter of Berezowsky, 159 N. Y. S. 2d 513; Goldfish v. Goldfish, 193 App. Div. 686, affd. 230 N. Y. 606).” (Matter of Fredenthal, 25 Misc 2d 1068, 1070.)
The provision of the separation agreement upon which the infant relies for his claim is as follows: “ 8. george l. chilson, jr. is presently enrolled at Princeton University and it is hoped that Robert will also seek a college education. The husband agrees to pay the entire cost of the college education of both children, including board, tuition, living allowance, and a reasonable amount for books, laboratory fees and similar items. Notwithstanding the foregoing, the husband’s obligation for each academic year shall not exceed four thousand dollars ($4,000.00) for each child and shall not extend over more than four academic years. Any expenditure by the husband in excess of such sum or for more than such period shall be solely in the husband’s discretion.”
It must be noted that the above provision is separate and apart from those provisions of the agreement which provide for monthly payments to the mother for the support and maintenance of herself and the two children of the marriage. It should also be noted that there is no requirement in the agreement that the payment of “ the entire cost of the college education of both children ” be made to the mother. No proof was offered to show how such payments were made prior to death of George L. Chilson, Sr.
The separation agreement made ample provisions for insurance to replace the monthly support payments made to the wife in the event of death of the husband but made no provision for the payment of the cost of education of Robert by insurance. (See paragraphs 5 and 9 of the agreement).
The agreement did provide, however, in paragraph “16”: “ This instrument contains the entire agreement of the' parties. It may not be changed orally, nor may it be discharged, or modified, or waived in any respect, orally. It shall apply to and be binding upon the parties hereto, their heirs, distributees, executors, representatives and assigns.” This clearly indicates that *54 appropriate provisions of the separation agreement should survive the death of the parties.
The court is of the opinion that, when read as a whole, the separation agreement imposes upon the decedent’s estate the liability to provide the college education for Bobert within the terms set forth in paragraph “ 8 ” of the agreement as quoted above. Credit shall be given for any payments made by decedent for this purpose during his lifetime; shall be limited to $4,000 per academic year, and shall not extend more than four academic years. The fact that decedent furnished his older son, George, with 6 years of college education was a matter within his discretion and is not binding upon his estate.
The executrix will pay the arrears, due under the agreement to any person or institution advancing the costs of Bobert’s education since decedent’s death, and will provide for future payments either by establishing a reserve fund, trust fund or furnishing other security assuring payment of the obligations when due.