WILLIAM E. D. STOKES, Appellant, *v.* HELEN ELWOOD STOKES, Respondent.

First Department, May 4, 1923.

**Husband and wife — divorce — increase in temporary alimony denied and allowance for counsel fee reduced — order for counsel fee and expenses made on condition that defendant consent to modification of injunction restraining plaintiff from transferring any property.**

The court improperly increased temporary alimony granted to the defendant under the facts presented in the affidavits, and the amount allowed by the court for counsel fee should be reduced also.

The order for the payment of counsel fee and expenses should be made conditional upon the defendant herein consenting to a modification of the injunctive provisions of a judgment in a prior action restraining the plaintiff from transferring his property so as to permit the transfer subject to the protection of the defendant's dower rights.

APPEAL by the plaintiff, William E. D. Stokes, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1923, awarding the defendant an increased amount of temporary alimony and additional sums for counsel fees and disbursements.

*Nugent & Nugent [Frank C. Laughlin* of counsel], for the appellant.

*Samuel Untermyer* of counsel [*Isadore Shapiro* with him on the brief], for the respondent.

PER CURIAM:

In our opinion the increase of the temporary alimony from $18,000 to $30,000 was not justified by the facts presented in the affidavits. The amount allowed for counsel fees should be reduced to $20,000. The amount allowed for expenses we think was warranted, in view of the bitterly contested litigation and the length of the former trial, with the probability that the second trial will consume more time. In view of the fact that in the action of Helen E. Stokes against William E. D. Stokes, Albert H. Gleason and Mervyn Realty Company, a judgment has been granted enjoining and restraining William E. D. Stokes and the Mervyn Realty Company from selling, transferring or disposing of the land and premises, or any part or parcel thereof therein described, and that the defendant claims that by reason thereof he is unable to realize on said property and to pay the sums awarded for counsel fee and expenses, the order for payment of counsel fee and expenses should be made conditional upon the defendant herein consenting to a modification

of the injunctive provisions of the judgment, so that same shall provide that she shall join with the Mervyn Realty Company and the plaintiff in the conveyance of any parcel of said real estate to a *bona fide* purchaser upon terms of sale agreed upon between the plaintiff, the Mervyn Realty Company and the purchaser, upon condition that one-third of the net proceeds of said sale shall be deposited in the Empire Trust Company to be invested and reinvested and the income thereof paid to the plaintiff during his life, and that upon his death, if the marriage between the parties remain undissolved, the principal so deposited shall stand in lieu of the real estate so sold as security for the defendant's dower interest, and she shall have the election to receive the income thereon during her life or to have the cash value of her dower interest determined and paid therefrom; if she shall elect to take the cash value thereof, the remainder of the fund, after payment of defendant's dower interest, shall revert to plaintiff's estate, and the remainder, on her death, in the event that she shall elect to take the income thereon for life, shall revert to the plaintiff's estate; in the event of the final dissolution of the marriage in favor of the plaintiff, the fund so deposited shall be deemed released from any claim of defendant's dower, and shall be repaid to him on the order of the court.

The order should be modified as above indicated, and as modified affirmed, without costs.

Present—CLARKE, P. J., SMITH, PAGE, MERRELL and McAvoy, JJ.

Order modified as indicated in opinion, and as so modified affirmed, without costs. Settle order on notice.