GEORGE D. THOMPSON, JR., Plaintiff, *v.* CLARENCE T. THOMPSON and Others, and GEORGE D. THOMPSON, and Another, as Executors, etc., of GEORGE D. THOMPSON, Deceased, Defendants.

Supreme Court, Trial Term, Rensselaer County, August 12, 1937.

*Ernest L. Boothby* [*Newton B. VanDerzee* of counsel], for the plaintiff.

*Staley, Tobin & Manley* [*Ellis J. Staley* and *Henry S. Manley* of counsel], for the defendant Mary J. Thompson.

SCHENCK, J   The plaintiff brings this action for partition of real property of which his father, George D. Thompson, Sr., died seised.   The defendant Mary J. Thompson is the widow of the decedent, the other defendants being a daughter and son and the executors under his last will and testament.   The will was executed in 1933 and makes no provision for the defendant Mary J. Thompson, the widow.   The real question here presented is whether the widow has the right of election pursuant to the provisions of section 18 of the Decedent Estate Law.

From the evidence presented at the trial it appears that  the real property here involved was acquired by the decedent through two conveyances, the first, in 1914, and the second, in 1932.   In December, 1928, the decedent married the defendant Mary J. Thompson and lived with her and the plaintiff herein until some time during the month of October, 1932.   During that month and on a day not definitely determined by the evidence, the plaintiff returned to his home and found a moving van loaded with the widow's furniture.   In response to questioning by the plaintiff she stated that she was leaving.   She did leave, taking with her her furniture, and never returned to the home during the lifetime of the decedent.

Subsequently and during July, 1935, the decedent and the widow, each being then represented by counsel, signed and acknowledged a separation agreement which recited that unhappy differences had arisen as a result of which the parties were then living separate and apart, and containing the following provisions. (1) Each consented that the other live separately. (2) They waived conjugal rights. (3) " That each party hereby waives and releases to the other any and all claims that he or she may or might, have, or claim to have, against the other, by reason of any matter, cause, or thing, whatsoever, from the beginning of the world to the day of date of this agreement." (4) The wife waived and released all rights of dower. (5) The husband paid $350 and agreed to pay $20 monthly while both lived. (6) The husband made an agreement as to his wife's will and estate similar to that quoted below. (7) " That the Second Party (wife) covenants that she will permit any will of the First Party to be probated, and will allow letters of administration upon his estate and personal effects to be taken and received by any person who would have been entitled thereto, had the Second Party died during the lifetime of the First Party."

Subsequently the widow executed a quit-claim deed of certain portions of the land decedent had acquired in 1914. The decedent died December 22, 1936, seised of certain parcels of the real estate acquired in 1932 and in 1914. It is the contention of the defendant widow that (a) she still has her dower rights in the property acquired in 1914 unless her election is valid, (b) she has not lost her right of election by waiver, and (c) she has not lost her right of election by abandonment.

In deciding the issues here it is not necessary to determine whether or not the widow has retained her dower rights. Clearly, it was intended by the terms of the separation agreement and by the quit-claim deeds executed at about the same time that she release her dower rights. We will not pass upon the question as to whether the common law permitted her to release her dower rights during marriage, even though the parties were living apart. (*Matter of Smith*, 243 App. Div. 348; *Malloney* v. *Horan*, 49 N. Y. 111; *Stokes* v. *Stokes*, 119 Misc. 168; affd., 205 App. Div. 328.) It is necessary only to determine whether or not the widow has lost her right of election by abandonment or by waiver. The burden of proof of abandonment is upon the plaintiff. (*Matter of Green*, 155 Misc. 641; affd., 246 App. Div. 583.)

On the trial the plaintiff proved that in October, 1932, the widow removed herself and her furniture from the decedent's home and never returned thereto. Whether or not the proof offered by the plaintiff created a *prima facie* case of abandonment is immaterial. Counsel for the widow has pointed out that abandonment is not a mere moving away, but means desertion without consent or provocation or justification and continuing for a substantial period of time. (*Mirizio* v. *Mirizio*, 248 N. Y. 175; *Bohmert* v. *Bohmert*, 241 id. 446.) But, as stated before, it is not material to the issues here as to whether or not there was an abandonment from 1932 to 1935. Assuming that there was such abandonment, it was condoned by the separation agreement. The alleged abandonment occurred in October, 1932. In July, 1935, the decedent and the widow entered into a contract which recited that the parties were living separate and apart as the result of " divers disputes and unhappy differences." The agreement provided that they should continue to live apart and provision was made for separate maintenance for the wife. No wrongdoing may be predicated upon such a contract. To the contrary, any dispute as to whether or not there has been an abandonment is definitely settled by such agreement, as the rights of the widow to share in her husband's estate must be determined by the status existing at the time of death.

(*Powers* v. *Powers*, 33 App. Div. 126; *Benesch* v. *Benesch*, 182 id. 221; *Matter of Lawton*, 266 Penn. St. 558; 109 A. 699; *Matter of Green, supra.*) Had an abandonment in 1932 been proven, such offense was condoned by the consummation of the separation agreement by the parties and such abandonment was not an existing condition of which the representatives of the decedent could avail themselves at the time of decedent's death by reason of the fact that the relation of the parties at that time had been brought about by their own mutual agreement. (*Matter of Tankelowitz*, 162 Misc. 474; *Matter of McCann*, 155 id. 763.) Though husband and wife live apart pursuant to a separation agreement, neither is deprived of the right of election. (*Matter of Sachs*, 156 Misc. 233; affd., 246 App. Div. 546; *Matter of Smith, supra.*)

I am convinced that the widow has not lost her right of election by abandonment. The remaining question is whether she has waived her right of election. The provisions of section 18, subdivision 9 of the Decedent Estate Law specifically provide that a husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or, may waive such right of election in an agreement so executed made before or after marriage. The separation agreement of July, 1935, did not contain such waiver, nor may a waiver be inferred from any of the provisions therein contained. Paragraph 3 of said agreement reads as follows: " That each party hereby waives and releases to the other any and all claims, that he or she may, or might, have or claim to have, against the other, by reason of any matter, cause, or thing, whatsoever, from the beginning of the world to the day of date of this agreement."

Paragraph 7 provides: " That the second party (widow) covenants that she will permit any will of the first party (decedent) to be probated, and will allow letters of administration upon his estate and personal effects to be taken and received by any person who would have been entitled thereto, had the second party died during the lifetime of the first party."

Clearly, these provisions of this separation agreement do not constitute a waiver of election under the Decedent Estate Law. At best, the separation agreement provided for a general release of any and all claims up to the date thereof which either party had against the other, including any claim of abandonment the husband might then have, and that the widow would not contest the probate of the will of the decedent. The widow here filed no objection to the probate of decedent's will. She simply filed notice of an election to take as in the case of intestacy, pursuant to the provisions of

the Decedent Estate Law. Both parties to the separation agreement were represented by able counsel. Had there been an intention on the part of the widow to waive her rights, it would have been a simple matter to comply with the provisions of section 18, subdivision 9, and execute an instrument waiving such right of election. To constitute a waiver of the right of election, the instrument must necessarily be drafted in clear and unmistakable language. The provisions of the statute were designed to provide for the proper support of the wife after the death of her husband and should be liberally construed in her favor. (*Matter of Brown,* 153 Misc. 282; *Rubin* v. *Myrub Realty Co., Inc.,* 244 App. Div. 541.) The agreement that the widow would accept in lieu of other provisions for her support the sum fixed by the instrument, which was to be paid during the lifetime of both parties, must necessarily be construed that the widow intended to retain any rights she might have after decedent's death. (*Matter of Burridge,* 261 N. Y. 225.) Her right of election was not extinguished by the agreement. (*Matter of Smith, supra; Matter of Tankelowitz, supra.*) The construction of an agreement for separate maintenance " demands more definite terms than are found in this agreement to divest the wife of her right under the law." (*Matter of Brown, supra.*)

It is the judgment of this court that the defendant widow, Mary J. Thompson, has an interest by right of election in the real property described in the complaint, and order may be entered providing for the determination by reference whether the premises involved herein should be partitioned or sold, and for a determination as to an accounting for the rents received.