GEORGE D. THOMPSON, JR., Appellant, v. CLARENCE T. THOMPSON, MILDRED D. MARGISON, Appellants, MARY J. THOMPSON, Respondent, GEORGE D. THOMPSON, JR., and MILDRED D. MARGISON, as Executors, etc., of GEORGE D. THOMPSON, Deceased, Appellants.— Appeal on behalf of the plaintiff and defendants, other than Mary J. Thompson, from an interlocutory judgment of partition entered in the Rensselaer county clerk's office on the 11th day of October, 1937. It is the appellants' contention: (1) That the defendant, by her abandonment of the testator in his lifetime, lost her right of election under section 18 of the Decedent Estate Law; (2) that she waived her right of election by the separation agreement, under subdivision 9 of section 18 of the Decedent Estate Law. The testator and the defendant were married in 1928, and resided together at the home of the testator until October, 1932, at which time the defendant moved all of her household goods out of the testator's house and never returned. On July 17, 1935, the testator and defendant executed and acknowledged a separation agreement. By that agreement each party waived and released to the other any and all claims that he or she may or might have or claim to have against the other by reason of any matter, cause or thing, whatsoever, from the beginning of the world to the date of the agreement. This clause in the separation agreement waived and condoned the abandonment; therefore, the defendant does not lose her right of election by abandonment. There is nothing in the separation agreement that can be construed as a waiver of the election by the defendant of her rights under subdivision 9 of section 18 of the Decedent Estate Law. Interlocutory judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ. [163 Misc. 946.]