In the Matter of the Estate of VERONICA C. LANEY, Deceased. THOMAS CURRAN, Appellant; CLARENCE LANEY, as Administrator of the Estate of VERONICA C. LANEY, Deceased, Respondent.

Fourth Department, July 8, 1948.

*Thomas E. Delahunt* and *Charles F. Boine* for appellant.

*Harold P. Kelly* for respondent.

LARKIN, J.    This is an appeal from an order of the Surrogate of Erie County dismissing appellant's petition, which sought the revocation of letters of administration issued October 29, 1947, to respondent, and his own appointment as administrator.

Respondent administrator, Clarence Laney, was the husband of decedent, Veronica Curran Laney, who died, intestate, in the city of Buffalo, on October 6, 1947.  On October 29, 1947, on the petition of respondent, letters of administration were granted to him.  On November 24, 1947, on the petition of the appellant, Thomas Curran, a brother, a citation was issued to respondent, and to all other necessary parties, to show cause why the existing letters of administration should not be revoked and awarded to petitioner.

On February 14, 1942, respondent and decedent, who had no children, entered into a separation agreement, which was neither acknowledged nor witnessed.  The substance of this agreement was that decedent and respondent agreed to live separate and apart, neither to molest, interfere with, or even seek, unless by consent, to visit the other.  In addition, it provided that in consideration of $1,200 paid by decedent to respondent, he agreed to give her a deed of certain real property in the city of Buffalo, which they then owned as tenants by the entirety.  The last paragraph of this agreement read as follows: " Fourth: That the party of the first part will not at any time during the life of the party of the second part nor upon her death assert any claim he might otherwise assert under any law, custom or precedent, to any property of the party of the second part, real, personal or mixed, wherever situate."

The agreement made no provision whatever for decedent's support.  The testimony established that in 1941, respondent left

his wife, who thereafter lived at the home of petitioner, her brother, and was supported by him and another sister. Respondent contributed nothing. Respondent stated to the attorney who drew the separation agreement that he wished to be rid of the entire marital situation.

The Surrogate in his opinion, which is in the nature of a written decision, determined that decedent in 1941, had a cause of action against the husband-administrator for a separation upon the ground of voluntary, unjustified, intentional abandonment and failure to support. Also, that to allow the respondent to take his distributive share in the estate of the deceased is contrary to the intention of the parties as expressed in the separation agreement. These findings are supported by the record.

With the conclusion that this unacknowledged and unwitnessed agreement does not satisfy section 18 of the Decedent Estate Law as a waiver of the spouse's right of election against a will, we agree. However, section 18 has no application in case of intestacy. (*Inda* v. *Inda,* 288 N. Y. 315, 317; *Murray* v. *Brooklyn Savings Bank,* 258 App. Div. 132.)

There remains, therefore, the determination of the effect of this separation agreement. The right of waiver by one spouse, of his or her right in the other's property, as wife or husband, or in his or her estate, after death, as widow or surviving husband, is unquestionably recognized in the State of New York, and, in fact, in most American jurisdictions. Moreover, in this State it is not infrequently found in separation agreements made while the marriage relationship exists. There are many cases in which such provisions found in separation agreements have been construed by the court of this State, such as, *Matter of Burridge* (261 N. Y. 225) and *Jardine* v. *O'Hare* (66 Misc. 33). The rule in reference to the waiver of the rights of inheritance of the property of the husband and wife found in separation agreements is stated rather well in Corpus Juris Secundum (Vol. 26, Descent and Distribution, § 58, subd. b, p. 1075): " However, the rights of inheritance in the property of the husband or wife are not to be denied the surviving spouse on account of a separation agreement, unless the purpose to exclude him or her is expressed or clearly inferable, and then no further than the agreement clearly requires."

This rule is thus stated in various New York decisions.

Applying this test to the instant separation agreement, especially when it is read in the light of the oral testimony, we are in accord with the statement of the Surrogate in his decision,

that to allow the husband, in this case, his distributive share in the estate of the deceased, is contrary to the intention of the parties, as expressed in the separation agreement.

Also, this separation agreement was based on sufficient consideration. In signing it, decedent waived her cause of action for abandonment, which, as the Surrogate found, she had in 1941. Had she brought such an action and succeeded, her husband would have been barred from taking his intestate share of her estate. (Decedent Estate Law, § 87.) Again, although her husband had apparently not provided for her for some time prior to the execution of the agreement, still when her attorney suggested that as a reason why he should not ask any consideration for a deed of the property which they owned as tenants by the entirety, the husband refused unless paid $1,200 for it. Accordingly, she paid him that sum of money. Again, she signed this agreement without any express provision in it for her future support. Finally, she made this agreement with him to live separate and apart. Bearing these factors in mind, it is apparent that there was sufficient consideration for the agreement on respondent's part, that neither during the life of his wife, nor upon her death, would he assert any claim which he might have, under any law, custom or precedent, to any property of the party of the second part.

As to the necessity of an acknowledgment of the separation agreement, we find no statutory requirement in New York State that such an agreement, containing a release of the right of inheritance, must be acknowledged to be effective. There is no comparable requirement in the Decedent Estate Law as found in subdivision 9 of section 18, of that statute, relating to the manner of execution of a release of the right of election as against a will. Respondent, having relinquished his right in the estate by the separation agreement, the execution of which he does not deny, is not entitled to any part of the estate, and is, therefore, not entitled to letters of administration.

For the foregoing reasons we conclude that the order should be reversed on the law and facts, with costs to appellant payable by the respondent personally and the matter remitted to the Surrogate's Court of Erie County, with directions to enter an order removing the respondent as administrator and requiring him to account, and to determine the right of petitioner to be appointed administrator in his place.

All concur. Present — TAYLOR, P. J., McCURN, LARKIN, VAUGHAN and KIMBALL, JJ.

Order reversed on the law and facts, with costs to appellant payable by the respondent personally, and matter remitted to the Surrogate's Court of Erie County, with directions to enter an order revoking letters of administration heretofore issued to the present administrator Clarence Laney.