Christopher C. McGrath, S.
In this proceeding the petitioner, a brother of the decedent, seeks to revoke the letters of administration heretofore issued to the widow. He contends that the widow has waived all rights to her husband’s estate by reason of a separation agreement executed on November 8, 1949.
The separation agreement contains the usual provision for the parties to live separate and apart and provided for periodic payments to the wife for her maintenance and support. The language upon which the petitioner relies reads as follows:
‘ ‘ The parties hereto shall be free from the marital control and authority of each other as if they were sole and unmarried ”. (Paragraph “ second ”,)
‘ ‘ fourth : The Wife, for herself, her heirs, executors, administrators and assigns, does hereby waive, renounce, remise, release and forever discharge the Husband, under the laws of the State of New York, or any other State, his heirs, executors *493 and personal representatives, of and from any and all claims, debts, dues, demands, actions and causes of action of any name or nature at law or in equity which she now has or ever had against the Husband, his heirs, executors, administrators and assigns, under the laws of the State of New York, or any other State, by reason of any cause or thing whatsoever, excepting only claims, rights, demands and causes of action arising out of this agreement, and excepting all causes of action for divorce, and the Husband shall have the right to dispose of his assets and property in such manner and by such means as he may, in his sole and uncontrolled discretion, deem advisable or proper.”
‘ ‘ sixth : The Husband represents and agrees that he has no claim of any kind to any bank accounts, insurance policies of the Wife, or any other property of said Wife. The Wife represents and agrees that she has no claim of any kind to any bank accounts, insurance policies or any other property of the Husband, including the business operated by the said Husband at 540 Columbus Avenue, Borough of Manhattan, City of New York.”
Rights of inheritance are not to be denied the surviving spouse on account of a separation agreement unless the purpose to exclude her is expressed or clearly inferable, and then no further than the agreement clearly requires (Matter of Colaci, 288 N. Y. 158, 163; Matter of Laney, 274 App. Div. 250, 252, affd. 298 N. Y. 834; Jardine v. O’Hare, 66 Misc. 33). The burden, moreover, of establishing this purpose is on the person seeking to exclude the spouse (Matter of Brown, 202 Misc. 820, 823).
There is nothing in the evidence adduced at the hearing which casts any light upon the intention of the parties to the agreement. The decedent and the administratrix, Elsie M. Rosenbaum, were married in 1942. Three days after the marriage, the decedent entered active service in the United States Army and was discharged in 1945. In 1946 the decedent and Elsie separated. During the pendency of an action for separation instituted by her, the parties executed the separation agreement. Whether or not there was a waiver of all rights in this estate by the widow must therefore be determined from the agreement itself.
The instrument reserved the respective rights of each party to all causes of action for divorce. It refers in no way. to “ death ”, “ estate ”, “ after death ”, “will ”, “ rights of inheritance ’ ’, or other words or phrases which expressly indicate any intention on the part of the wife to release her interest in her husband’s estate.
*494 The language in paragraphs “ fourth ” and “ sixth ” where-under the decedent was given the “ right to dispose of his assets and property in such manner and by such means as he may, in his sole and uncontrolled discretion, deem advisable or proper ’ ’ and the representation that the wife 1 ‘ has no claim of any kind to any bank accounts, insurance policies or any other property of the Husband ’ ’ refers only to the unrestricted right of the husband to dispose of his property during his lifetime. Words of like import have been held not to constitute a waiver of intestate rights (Matter of Fredenthal, 25 Misc 2d 1068; Matter of Tankelowitz, 162 Misc. 474).
The release provision in paragraph ‘ ‘ fourth ’ ’ relates to ‘ ‘ claims, debts, dues, demands, actions and causes of action ’ ’ which at the date of the execution of the agreement the wife “ now has or ever had”. No reference to future rights or expectant interests is made. Had there been an intention on the part of the widow to waive her rights in intestacy, it would have been a simple matter to provide for a release of such rights (Thompson v. Thompson, 163 Misc. 946, 950, affd. 254 App. Div. 601).
The fact that the release runs to the decedent’s ‘ ‘ heirs, executors, administrators, and assigns ” does not carry any special significance. These are the customary words used in the usual form of a general release and no special legal consequences can be inferred therefrom in the context of this agreement.
The failure of the husband to exercise in his lifetime the right to dispose of his assets as set forth in paragraph “ fourth ” does not enlarge the scope of the agreement so as to prevent the widow from making her claim against the estate since said agreement contains ‘ ‘ no covenant against claim for or receipt of that which might become due by reason of the natural operation of law” (Matter of Tankelowitz, supra, p. 477).
The court concludes that the construction of a separation agreement demands more definite terms than are found in this agreement to divest the wife of her right to share as a distributee. Accordingly, the decree granting letters of administration to the widow will be confirmed.