■ In the Matter of the Estate of ALEXANDER F. STOEGER, Deceased. RUTH H. STOEGER, Appellant; CHESTER MUELLER, as Executor of ALEXANDER F. STOEGER, Deceased, et al., Respondents.— In a proceeding by an executor for: (a) the judicial settlement of his intermediate account; (b) for a construction of certain provisions of the testator's will; and (c) for a determination as to the validity of a right of election asserted by the testator's widow (Ruth H. Stoeger) to take her share of his estate as in intestacy, pursuant to statute (Decedent Estate Law, § 18), the widow appeals from a decree of the Surrogate's Court,

Nassau County, entered November 21, 1961, after a nonjury trial, upon the court's decision (30 Misc 2d 1090), which adjudged that she was not entitled to elect to take her share of the testator's estate as in intestacy. Decree modified on the law and the facts by striking out its second decretal paragraph which declared that the testator's widow is not entitled to the statutory right to elect to take her intestate share against the will; and by substituting therefore a provision sustaining and declaring valid the widow's right to make such election under the statute (Decedent Estate Law, § 18). As so modified, decree affirmed, with costs to all parties filing briefs, payable out of the estate. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. The decree is based upon a finding by the Surrogate that, by virtue of an antenuptial agreement with the decedent, his widow (nee Ruth Humphreys) waived her right of election. The preamble to said agreement states: (a) that the decedent "has assumed responsibility for the care, support and maintenance of his former wife and for the care, maintenance and education of his two daughters by his previous marriage;" (b) that "a marriage is now intended to be solemnized between the parties hereto"; and (c) that in view of decedent's "said responsibility and the fact that after their marriage, in the absence of any agreement to the contrary, their legal relations and powers as regards property may, by reason of some change in their domicil [sic], or otherwise, be other than those of their present domicil [sic] or other than those which because of said responsibility they desire to have apply to their relations, powers and capacities". In the body of the agreement, as distinguished from its preamble, each of the parties "declares it to be her and his desire that during their marriage each of them shall be and continue completely independent of the other as regards the enjoyment and disposal of all property, whether owned by either of them at the commencement of the marriage or coming to them or either of them during the marriage." Then, in consideration of the proposed marriage, the parties agreed "that so far as is legally possible by their private act and agreement, all property belonging to either of them at the commencement of this marriage or coming to either of them during the marriage, shall be and be enjoyed by her or him and be subject to her or his disposition as her or his separate property in the same manner as if said proposed marriage had never been celebrated". However, the agreement specifically excepts from the last provision "the proceeds" of a certain specified insurance policy on the decedent's life, and provides that such proceeds "shall be, by testamentary disposition or by designation of Ruth Humphreys as beneficiary, payable to Ruth Humphreys upon the death of" the decedent "during the term of such policy." In our opinion, the finding of a waiver of the widow's right of election within the meaning of the statute (Decedent Estate Law, § 18, subd. 9) was not warranted. That statute was designed to provide for the proper support of a wife after the death of her husband. It should, therefore, be liberally construed in her favor (*Thompson* v. *Thompson*, 163 Misc. 946, 950, affd. 254 App. Div. 601; *Matter of Brown*, 153 Misc. 282). To constitute a waiver of the right of election, the instrument must necessarily be drafted in clear and unmistakable language (*Thompson* v. *Thompson, supra*; *Matter of Laney*, 274 App. Div. 250, 252). "A Waiver or release of something less than 'all rights in the estate of the other spouse' is not a compliance with the statute (Decedent Estate Law, § 18), and may not 'be deemed to be a waiver or release of the right of election as against any last will'" (*Matter of La Due*, 5 A D 2d 52; cf. *Matter of Colaci*, 288 N. Y. 158). Here, the language of the agreement establishes no more than the intent of the parties to release any claim they severally might have upon the property of the other during the life of such other. If more than that was contemplated, the parties failed to express any

such broader intent. Nor, in our opinion, were the deficiencies in the agreement overcome by the evidence adduced concerning the circumstances surrounding its execution. Hence, the agreement, whether standing alone or whether taken in conjunction with the parol evidence, is insufficient to constitute a waiver or release by the widow of her statutory right of election (cf. *Matter of Rosenbaum*, 27 Misc 2d 492, affd. 13 A D 2d 745; *Matter of La Due, supra*; *Matter of Fredenthal*, 25 Misc 2d 1068). Ughetta, Acting P. J., Christ and Hopkins, JJ., concur; Brennan and Rabin, JJ., dissent and vote to affirm the decree, with the following memorandum: We are of the view that under the provisions of the antenuptial agreement the widow waived her right of election. From a reading of the entire agreement it appears to us that its purpose was expressed or is at least clearly inferable, namely: that the parties mutually intended to exclude the widow from sharing in the estate of her late husband, the decedent. If it be assumed, *arguendo*, that the agreement may be held to be ambiguous, we are of the view that the testimony relating to the purpose sought to be achieved by the parties in its execution was properly admitted, and that this testimony, coupled with the agreement, establishes a waiver of the widow's statutory right to elect. Accordingly, we are of the opinion that the decree of the learned Surrogate should be affirmed.