Reginald S. Oliver, S.
Ludwig F. Gerke married Eva Champagne in South Carolina on April 10, 1948. They returned to West Walworth, New York, where they resided together as husband and wife until 1958 when the said Eva, then known as Marie Eva Gerke, obtained a legal separation from Ludwig F. Gerke by a decree dated February 7, 1958 based upon the defendant’s cruel and inhuman acts and his failure to support the plaintiff. The decree ordered ‘ ‘ the defendant pay to the plaintiff the sum of Fifteen hundred dollars ($1500.00), to be received by her in full settlement of all claims known or unknown and now or hereafter existing in favor of the plaintiff against the defendant ’ ’.
Ludwig F. Gerke died intestate March 26, 1970, survived by the said Marie Eva Gerke, his wife, and Martha Neveling, a half sister, and Heinz Gunther Rulfs, a nephew, as the possible known distributees. The decedent was survived by no parents or parent and by no issue. The $1,500 was a repayment by the decedent to his wife for money which he owed to her for bills she had paid.
Sherwood W. Mate, the Wayne County Treasurer, was appointed administrator of decedent’s estate and has now filed an account of his proceedings as such administrator and requests the court to determine what distribution should be made of the assets still remaining in his hands.
A hearing was held on May 2, 1972 at which time proofs were submitted by the interested parties and exhibits introduced to *281 prove the aforesaid statement of facts. The sole question to be determined is whether the wording used in the separation decree of February, 1958, constituted a waiver and renunciation by the surviving spouse, Marie Eva Gerke, of any and all claim as a distributee in the estate of Ludwig F. Gerke.
A husband or wife is a surviving spouse unless it is established satisfactorily that a final decree or judgment of separation was rendered against the spouse (EPTL 5-1.2, subd. [a], par. [4]).
Distribution of the whole of a decedent’s estate is made to the surviving spouse where there are no issue or parents or parent surviving the decedent (EPTL 4-1.1, subd. [a], par. [5]).
Counsel for the surviving half sister and nephew argue that the wording of the separation decree is sufficient to constitute a relinquishment of the rights of the spouse in the estate of the decedent, and rely mainly upon Matter of Laney (274 App. Div. 250, affd. 298 N. Y. 834). In the Laney matter a separation agreement provided that the survivor would make no claim during life or upon the death of the decedent. The court stated (274 App. Div. 250, 252) that the rights of inheritance of the property of a deceased spouse are not to be denied the surviving spouse on account of a separation agreement unless the purpose to exclude the surviving spouse is expressed or clearly inferable and then no further than the agreement clearly indicates.
A distributee may renounce all or part of his share in an estate, which renunciation must be in writing, signed and acknowledged by the person renouncing such share (EPTL 4-1.3). Similarly, a spouse during the lifetime of the other may, by a writing subscribed and acknowledged, waive the right to elect against the estate of the other spouse (EPTL 5-1.1, subd. [f]).
In both instances the law is clear that the surrender of a right to a share of an estate must be written, signed and acknowledged and must be clear in its intent to release all rights.
In Matter of Smith (243 App. Div. 348) the wife had obtained a decree of separation against her husband and thereafter filed an election against her husband’s will. The court held that she was entitled to make such election inasmuch as only the spouse against whom a judgment of separation is taken is the one divested of the right to elect. The decree of separation did not deprive the wife of her privilege of election given her by *282 the statute and the decree did not dissolve the marriage of the parties. They still remained husband and wife in the eyes of the law.
The court holds Matter of Laney (274 App. Div. 250) to be distinguishable from the case at bar. Reference was made therein to any claim upon the death of one spouse. No cases have been cited by counsel nor found by the court in its own research which hold that the provisions of a separation decree are effective in barring a surviving spouse from distribution. If such decree were to cut off distribution rights it would be necessary for the decree to provide in clear language that such was the intent of the parties, and that any provision made in the decree was in complete satisfaction of any claim to any share in the estate of the one first dying. The decree in this case conveys no such clear intent.
It is the finding of the court that Marie Eva Gierke is the surviving spouse of Ludwig F. G-erke, that she at no time waived or renounced her right to share in the distribution of his estate, and by reason of the facts herein set forth is the sole distributee of the decedent and entitled to the whole of his estate.