OPINION OF THE COURT
Louis D. Laurino, S.
The decedent’s widow has petitioned for letters of administration. A daughter by a previous marriage has filed objections to the appointment on the grounds that the widow has *1025 no interest in the estate by virtue of an antenuptial agreement that the widow and the decedent executed. The widow now moves to dismiss the objections as a matter of law, while the daughter, in effect, moves to dismiss the petition as a matter of law.
The widow moves on two grounds. The first of these is that the agreement was revoked by the decedent during his lifetime. The only evidence presented concerning this is that upon the decedent’s death a diligent search was made of his effects and neither a will nor the decedent’s duplicate original of the agreement was found. While the nonexistence of a will at the time of the decedent’s death may lead to a presumption of revocation, there is no such presumption in the case of a missing antenuptial agreement (see Matter of Griffiths, 38 Misc 2d 87). The daughter’s objections, therefore, cannot be dismissed for this reason.
The second ground on which the widow moves to dismiss the objections is that the agreement which was executed does not bar her from taking in intestacy. The daughter has joined issue on this point and contends that the agreement does bar her from sharing in intestacy. The decedent was an attorney and the agreement was drafted by another attorney who is the brother-in-law of the widow. There is no claim that the agreement was procured through fraud, overreaching or want of understanding on the part of either signatory. The body of the agreement reads as follows:
"whereas, the parties to this agreement intend to be married in the immediate future; and
"whereas, each of the parties owns individually property; and
"whereas, the parties desire that all property now owned or hereafter acquired by each of them shall, for testamentary disposition, be free from any claim of the other that may arise by reason of their contemplated marriage.
"It is, therefore, agreed:
"1. Property to be separately owned. After the solemnization of the marriage between the parties, each of them shall separately retain all rights in his or her own property, whether now owned or hereafter acquired, and each of them shall have the absolute and unrestricted right to dispose of such separate property, free from any claim that may be made by the other by reason of their marriage, and with the same effect as if no marriage had been consummated between them.
*1026 "2. Waiver of right of election. Each of the parties waives and releases any rights as surviving spouse to elect to take against the other’s will, whether heretofore or hereafter made, and also releases any right or claim to statutory exemptions in the property of the other. This provision shall constitute a waiver and release of the right of election in accordance with the requirements of Section 18 of the Decedent Estate Law of the State of New York or of the same or similar law of any other jurisdiction which may be applicable.
"3. Necessary documents. Each party shall, upon the request of the other, execute, acknowledge, and deliver any instruments appropriate or necessary to carry into effect the intentions and provisions of this agreement.
"4. Binding effect. This agreement shall inure to the benefit of and shall be binding upon the heirs, executors and administrators of the parties.
"in witness whereof the parties have signed and acknowledged this agreement.”
The widow argues that only those rights enumerated in the agreement were waived and that the right to take in intestacy was not among them. The daughter contends that a reading of the agreement as a whole shows an intent to give up all rights to an interest in the property of the other, including the right to inherit in intestacy.
The court agrees with the widow. The agreement before the court waives the right of election under section 18 of the Decedent Estate Law and its successor statute EPTL 5-1.1 and the right to claim exempt property under EPTL 5-3.1. (Exemption for benefit of family.)
The forfeiture of the rights to apply for letters of administration or to inherit in intestacy is not mentioned in the agreement and the court will not imply such forfeiture of rights from the general language of the first paragraph, including the reference to the "absolute and unrestricted right to dispose of such property”. The widow’s application in no way affects such a right for in the absence of a last will and testament or a testamentary substitute a decedent’s property is not disposed of by him, but rather by the State of New York under its laws of intestate distribution.
If the parties wished to waive their rights to take in intestacy, they could easily have so provided in the agreement. The parties have failed to express such a broader waiver and *1027 the court, therefore, cannot infer it (Cf. Matter of Stoeger, 17 AD2d 986; Matter of Rosenbaum, 27 Misc 2d 492; Matter of Starr, 20 Misc 2d 312.)
Accordingly, the widow’s motion to dismiss the objections filed by the daughter is granted.