# In the Matter of the Estate of ROBERT GINSBERG, Deceased.

Surrogate's Court, New York County, November 30, 1988

## APPEARANCES OF COUNSEL

*Rosenman & Colin (Robert E. Friedman* and *Susan D. Schachne* of counsel), for petitioners. *Galef & Jacobs (Alan M. Warshauer* and *Kira Charles* of counsel), for trustees. *George L. Santangelo,* guardian ad litem. *Paul, Weiss, Rifkind, Wharton & Garrison (John J. O'Neill* and *Debra G. Kosakoff* of counsel), for Beth Israel Medical Center. *Robert Abrams, Attorney-General (Charles Brody* of counsel), for ultimate charitable beneficiaries.

## OPINION OF THE COURT

MARIE M. LAMBERT, S.

In this proceeding, the executors have petitioned to construe decedent's will as if he were predeceased by his wife, Sheila

Ginsberg (Sheila), thus accelerating all interests contingent upon Sheila predeceasing him. The question presented is whether a separation agreement entered into by Sheila and decedent constitutes an effective renunciation under EPTL 2-1.11 (b). If so, the construction sought by petitioners could follow from the renunciation.

Decedent died on May 10, 1986, survived by his father and mother, his wife Sheila, and no children. Decedent's will dated May 31, 1984 was admitted to probate by this court on July 1, 1986. On February 7, 1986, decedent and Sheila had entered into a duly acknowledged separation agreement whereby Sheila explicitly renounced all of her interests "under any will * * * executed by [decedent] prior to the execution of this Agreement." The agreement further provides that Sheila's renunciation was to have the same effect "as if [Sheila] had died during the lifetime of the [decedent]". The separation agreement and an affidavit by Sheila executed on September 12, 1986 pursuant to EPTL 2-1.11 (b) (2) were filed in this court on December 12, 1986 as a renunciation of Sheila's interests under the will and notice of renunciation was properly served.

Under clause FIRST of decedent's will, Sheila is devised all residential property of decedent if she survives him; if she does not, the executors are to sell the property and add the proceeds to the residuary estate. Under clause SECOND of the will, Sheila is bequeathed all tangible personalty, if she survives the decedent; otherwise, such personalty is to go to decedent's brother and sister in equal shares. Under clause THIRD, Beth Israel Medical Center is bequeathed the sum of $500,000 if Sheila predeceases decedent and the sum of $250,000 if she does not. Under clause SEVENTH, the disposition of decedent's residuary estate also depends on whether Sheila predeceases decedent. If Sheila survived the decedent, his residuary estate was to be held in trust for her benefit, if not, the decedent's brother and sister each receive 20% of the residuary; decedent's two nieces each receive 10% thereof; and the remaining 40% would be divided among various charitable organizations.

Under the clause THIRD bequest, an additional question occurred because EPTL 2-1.11 (d) seems to refer only to the disposition of property in which the renouncing party had a direct interest. Sheila had no direct interest in the amount passing to Beth Israel Medical Center but, were she to survive decedent, the additional $250,000 would be added to the trust

for her benefit under clause SEVENTH. Therefore, Sheila has an interest in the clause THIRD bequest.

EPTL 2-1.11 (b) (1) provides for renunciation of testamentary dispositions. EPTL 2-1.11 (b) (2) provides that a renunciation "shall be in writing", among other requirements, but does not say what instruments may constitute a renunciation. The separation agreement was in writing, signed and acknowledged by Sheila and was timely filed in this court with the appropriate affidavits and notices.

There are no cases specifically dealing with the filing of a separation agreement as a renunciation under EPTL 2-1.11. In *Matter of Gerke* (70 Misc 2d 280) the Wayne County Surrogate held that a separation decree that merely ordered payment of a specific sum to a spouse "in full settlement of all claims known or unknown and now or hereafter existing" did not constitute a renunciation or waiver of the spouse's right to an intestate share under EPTL former 4-1.3, EPTL former 4-1.3 provided for intestate share renunciations and EPTL former 3-3.10 provided for testamentary share renunciations; they were amended and consolidated as EPTL 2-1.11 in 1977. EPTL former 4-1.3 set out requirements similar to those of EPTL 2-1.11 (b) (2) for an effective renunciation and also provided that a renunciation's effect would be as though the renouncing person had predeceased the decedent. Although *Gerke* implies that a separation agreement could be an instrument constituting a renunciation the Surrogate did not expressly address that question. He did state that EPTL 4-1.3 required "that the surrender of a right to a share of an estate must be written, signed and acknowledged and must be clear in its intent to release all rights" *(supra,* at 281). The document before this court clearly meets that test.

Despite the lack of precedent which directly addresses the question, the court finds that a separation agreement may constitute a "renunciation" under EPTL 2-1.11 (b) (2). Construing "renounce" (EPTL 2-1.11 [b] [1]) and "renunciation" (EPTL 2-1.11 [b] [2]) according to the plain meaning of those words, the court concludes that for a separation agreement to be a "renunciation", it must show express intent by the beneficiary of a testamentary disposition to renounce all or part of his or her interest in that disposition. The separation agreement in this case shows such intent on the part of Sheila. The rest of the requirements under EPTL 2-1.11 (b) (2) have been met.

Decedent in his will made no provision as to the effect of any renunciations. It follows that, under EPTL 2-1.11 (d), the will should be construed as though Sheila predeceased decedent and the bequest to Beth Israel Medical Center shall be the sum of $500,000.

Accordingly, the relief requested by petitioners is granted.